# EXHIBIT B

## Civil Part Case Summary

**Case Number:** MID L-002474-26

**Case Caption:** Neuromon Professiona Ls, Llc  Vs United Healthcar

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Middlesex | **Case Initiation Date:** 04/14/2026 |
| **Case Type:** Other Insurance Claim (Including Declaratory Judgment Actions) | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 1 | **Judge:** Benjamin S Bucca | **Team:** 6 |
| **Original DED:** | **Current DED:** | **# of DED Extensions:** 0 |
| **Original Arb Date:** | **Current Arb Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

### Plaintiffs

### Neuromon Professionals, Llc

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Palgon Daniel M | | **Attorney Bar ID:** 387882022 |
| **Attorney Email:** | | |

### Defendants

### United Healthcare Insurance Company

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 820 Bear Tavern Road | | |
| **Address Line 2:** | | |
| **City:** West Trenton | **State:** NJ | **Zip:** 08628 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

### ACMS Documents

| Filed Date | Doc Number | Document Type | Filing Party | Doc Status | CO ID | Type | Date Served | Service Status | Party Served |
|---|---|---|---|---|---|---|---|---|---|
| 04/14/2026 | 001 | COMP JRY DEMAND | NEUROMON PROFESSIONA | | | | | | |
| 04/22/2026 | 002 | PRF SERVC | NEUROMON PROFESSIONA | | | | | | |

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 04/14/2026 | Complaint with Jury Demand for MID-L-002474-26 submitted by PALGON, DANIEL MAX, GOTTLIEB AND GREENSPAN LLC on behalf of NEUROMON PROFESSIONALS, LLC against UNITED HEALTHCARE INSURANCE COMPANY | LCV2026941565 | 04/14/2026 |
| 04/15/2026 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2026949006 | 04/15/2026 |
| 04/22/2026 | AFFIDAVIT OF SERVICE submitted by PALGON, DANIEL, MAX of GOTTLIEB AND GREENSPAN LLC on behalf of NEUROMON PROFESSIONALS, LLC against UNITED HEALTHCARE INSURANCE COMPANY | LCV20261046890 | 04/22/2026 |

**Daniel Palgon, Esq. (Attorney ID No.: 387882022)**
**GOTTLIEB & GREENSPAN, LLC**
**17-17 Route 208, Suite 250**
**Fair Lawn, New Jersey 07410**
**Phone Number: (201) 644-0890**
**Fax Number: (201) 478-6653**
*Attorneys for Plaintiff*

| | |
|---|---|
| NEUROMON PROFESSIONALS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY,<br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>MIDDLESEX COUNTY<br><br>DOCKET NO.:<br><br>        CIVIL ACTION<br><br>        **COMPLAINT** |

Plaintiff Neuromon Professionals, LLC ("Plaintiff"), by and through its attorneys Gottlieb & Greenspan, LLC, by way of Complaint against United Healthcare Insurance Company ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a medical provider with a principal place of business at 371 Hoes Lane, Suite 200, Piscataway, New Jersey 08854.

2.      Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the State of New Jersey.

3.      Jurisdiction is proper in the New Jersey Superior Court, Law Division under R. 4:3-1(a)(5).

4.      Venue is proper in Middlesex County pursuant to R. 4:3-2(a)(3), because Plaintiff resides in Middlesex County as its office is located in Middlesex County and Plaintiff conducts business in Middlesex County.

## FACTUAL BACKGROUND

5.        The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for qualifying medical services. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty (30) days of the IDR entity's determination. *Id*.

6.        The NSA is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute process to determine pricing for medical services rendered by out-of-network ("OON") medical providers in emergency or certain elective circumstances.

7.        Under the NSA, an insurer has 30 days from the date the bill is transmitted by the OON medical provider to pay or deny the claim. 42 U.S.C. §300gg-112(a)(3)(A-B). Insurers unilaterally determine their initial payment amount, often paying what the law refers to as a Qualifying Payment Amount ("QPA"). If the OON medical provider does not accept the insurer's initial payment as payment in full, the OON medical provider may initiate an "open negotiation period" with the insurer to attempt to negotiate a higher amount. *Id*. § (b)(1)(A). If the negotiations fail by the close of the open negotiation period, the OON medical provider may initiate the NSA's IDR process. *Id*. § (b)(1)(B).

8.        However, the medical provider is precluded from billing the patient for any amount over and above the health plan's initial QPA payment ("balance billing"). In that way, the NSA

ensures that the patient will be protected from liability from "surprise" out-of-network medical charges. *Id.*

9.      The NSA's IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id.* § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id.* § (b)(5)(C). After an IDR determination, the non-prevailing party is required to pay any amount owed within **30 days**. *Id.* § (c)(6).

10.     Plaintiff is a medical provider that specializes in neurophysiology.

11.     At the time the medical treatment was rendered, the patients were each a member of a health plan administered by Defendant.

12.     As an OON medical provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

13.     However, since the medical treatments were rendered in a participating network facility and/or emergently, each patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq.*

14.     For each patient, Plaintiff disputed Defendant's initial payment determinations and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

15.     Because the disputes were not resolved by the close of the open negotiation periods, Plaintiff initiated the NSA's IDR process for each patient by submitting a Notice of IDR Initiation to the Department of Health and Human Services to have the proper reimbursement amount determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1-5).

16.    Plaintiff forwarded a copy of each Notice of IDR Initiation to Defendant as is required.

17.    To initiate the IDR process, Plaintiff was required to access the federal IDR portal and affirmatively accept binding click-wrap terms and conditions governing participation in the IDR process.

18.    To participate in the IDR process, Defendant was required to access the federal IDR portal and accept the same binding click-wrap terms and conditions agreed to by Plaintiff. Specifically, Defendant had to affirmatively manifest its assent to the terms and conditions of the IDR process by clicking an "I Agree," "Accept," or similarly worded button or checkbox, without which Defendant could not proceed with the IDR submission.

19.    Those terms required Defendant to agree in part:

   a.   that the final payment determination made by the certified IDR entity is binding upon the parties; and

   b.   to pay the outstanding amount (if any) of the out-of-network rate that is Defendant's responsibility as determined by the certified IDR entity.

**Patient L.C. – DISP-2199778**

20.    On May 16, 2024, Francisco Vega-Bermudez, M.D. ("Dr. Vega-Bermudez"), a neurologist employed by Plaintiff, provided medical treatment to an individual identified as L.C. ("Patient L.C.") at The Valley Hospital, located in Ridgewood, New Jersey.

21.    After treating Patient L.C., Plaintiff submitted Health Insurance Claim Form ("HCFA") medical bills to Defendant seeking payments for the medical treatment rendered, itemized under the following Current Procedural Terminology ("CPT") codes:

   a.    $9,175.00 for CPT code 95938;

   b.    $15,000.00 for CPT code 95939; and

   c.    $5,300.00 for CPT code 95861.

22.     In response to Plaintiff's HCFA, Defendant allowed payments as follows:

    a.      $46.17 for CPT code 95938;

    b.      $121.59 for CPT code 95939; and

    c.      $81.94 for CPT code 95861.

23.     Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a.      $9,175.00 for CPT code 95938;

    b.      $15,000.00 for CPT code 95939; and

    c.      $5,300.00 for CPT code 95861.

24.     Defendant submitted the following Notice of Offer:

    a.      $46.17 for CPT code 95938;

    b.      $121.59 for CPT code 95939; and

    c.      $81.94 for CPT code 95861.

25.     On April 18, 2025, the certified IDR entity ("CIDRE") ruled in Plaintiff's favor under IDR reference number DISP-2199778, awarding Plaintiff $29,475.00 for CPT codes 95938, 95939, and 95861, amounting to an additional $29,225.30 over Defendant's initial payment. *See* **Exhibit A**, attached hereto.

26.     Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was March 29, 2025.

27.     As of the date of this Complaint, 300 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

28.    Accordingly, Plaintiff has been damaged in the amount of $29,225.30 for Patient L.C. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient B.C. – DISP-2770594**

29.    On November 19, 2024, Dr. Vega-Bermudez provided medical treatment to an individual identified as B.C. ("Patient B.C.") at The Valley Hospital, located in Ridgewood, New Jersey.

30.    After treating Patient, Plaintiff B.C. submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

   a.    $13,500.00 for CPT code G0453;

   b.    $9,175.00 for CPT code 95925;

   c.    $15,000.00 for CPT code 95928; and

   d.    $0.00 for CPT code 95861.

31.    In response to Plaintiff's HCFA, Defendant allowed payments as follows:

   a.    $590.49 for CPT code G0453;

   b.    $55.06 for CPT code 95925;

   c.    $143.97 for CPT code 95928; and

   d.    $0.00 for CPT code 95861.

32.    Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

   a.    $35,202.00 for CPT code G0453;

   b.    $1,900.00 for CPT code 95925;

   c.    $1,800.00 for CPT code 95928; and

    d.    $5,300.00 for CPT code 95861.

33.    Defendant submitted the following Notice of Offer:

    a.    $4,076.80 for CPT code G0453;

    b.    $28.97 for CPT code 95925;

    c.    $81.23 for CPT code 95928; and

    d.    $84.41 for CPT code 95861.

34.    On April 24, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2770594, awarding Plaintiff as $44,202.00, for CPT codes G0453, 95925, 95928, and 95861, amounting to an additional $43,412.48 over Defendant's initial payment. *See* **Exhibit B**, attached hereto.

35.    Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was May 24, 2025.

36.    As of the date of this Complaint, 300 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

37.    Accordingly, Plaintiff has been damaged in the amount of $43,412.48 for Patient B.C. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient C.D. – DISP-3000974**

38.    On November 4, 2024, Dr. Vega-Bermudez provided medical treatment to an individual identified as C.D. ("Patient C.D.") at The Valley Hospital, located in Ridgewood, New Jersey.

39.    After treating Patient C.D., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    a.    $18,700.00 for CPT code G0453;

    b.    $9,175.00 for CPT code 95938;

    c.    $3,800.00 for CPT code 95885; and

    d.    $725.00 for CPT code 95907.

40.    In response to Plaintiff's HCFA, Defendant allowed payments as follows:

    a.    $0.00 for CPT code G0453;

    b.    $47.22 for CPT code 95938;

    c.    $0.00 for CPT code 95885; and

    d.    $0.00 for CPT code 95907.

41.    Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a.    $18,700.00 for CPT code G0453;

    b.    $9,175.00 for CPT code 95938;

    c.    $3,800.00 for CPT code 95885; and

    d.    $725.00 for CPT code 95907.

42.    Defendant submitted the following Notice of Offer:

    a.    $0.00 for CPT code G0453;

    b.    $47.22 for CPT code 95938;

    c.    $0.00 for CPT code 95885; and

    d.    $0.00 for CPT code 95907.

43.    On June 6, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-3000974, awarding Plaintiff $32,400.00 for CPT codes G0453, 95938, 95885, and 95907,

amounting to an additional $32,352.78 over Defendant's initial payment. *See* **Exhibit C**, attached hereto.

44. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was July 6, 2025.

45. As of the date of this Complaint, 250 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

46. Accordingly, Plaintiff has been damaged in the amount of $37,672.54 for Patient S.B. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient R.D. – DISP-3203019**

47. On October 4, 2024, Dr. Vega-Bermudez provided medical treatment to a 61-year-old female identified as R.D. ("Patient R.D.") at The Valley Hospital, located in Ridgewood, New Jersey.

48. After treating Patient R.D., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    a.     $22,000.00 for CPT code G0453;

    b.     $9,175.00 for CPT code 95938;

    c.     $15,000.00 for CPT code 95939;

    d.     $3,800.00 for CPT code 95885; and

    e.     $925.00 for CPT code 95908.

49. In response to Plaintiff's HCFA, Defendant allowed payments as follows:

    a.     $639.00 for CPT code G0453;

    b.     $47.22 for CPT code 95938;

    c.      $122.70 for CPT code 95939;

    d.      $38.68 for CPT code 95885; and

    e.      $69.86 for CPT code 95908.

50.      Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a.      $22,000.00 for CPT code G0453;

    b.      $9,175.00 for CPT code 95938;

    c.      $15,000.00 for CPT code 95939; and

    d.      $3,800.00 for CPT code 95885; and

    e.      $925.00 for CPT code 95908.

51.      Defendant submitted the following Notice of Offer:

    a.      $2,548.00 for CPT code G0453;

    b.      $47.22 for CPT code 95938;

    c.      $122.70 for CPT code 95939;

    d.      $38.68 for CPT code 95885; and

    e.      $69.86 for CPT code 95908.

52.      On July 21, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-3203019, awarding Plaintiff $50,900.00 for CPT codes G0453, 95938, 95939, 95885, 95908, amounting to an additional $49,982.54 over Defendant's initial payment. *See* **Exhibit D**, attached hereto.

53.      Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was August 20, 2025.

54. As of the date of this Complaint, 200 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

55. Accordingly, Plaintiff has been damaged in the amount of $49,982.54 for Patient R.D. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient C.G. – DISP-2132398**

56. On March 26, 2024, Dr. Vega-Bermudez provided medical treatment to a an individual identified as C.G. ("Patient C.G.") at Overlook Medical Center, located in Summit, New Jersey.

57. After treating Patient C.G., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    a. $5,500.00 for CPT code G0453; and

    b. $9,175.00 for CPT code 95938.

58. In response to Plaintiff's HCFA, Defendant allowed payments as follows:

    a. $159.75 for CPT code G0453; and

    b. $47.22 for CPT code 95938.

59. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer as follows:

    a. $5,500.00 for CPT code G0453;

    b. $9,175.00 for CPT code 95938.

60. Defendant submitted the following Notice of Offer:

    a. $637.00 for CPT code G0453; and

    b. $47.22 for CPT code 95938.

61. On August 22, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2132398, awarding Plaintiff $14,675.00 for CPT codes G0453 and 95938, amounting to an additional $14,468.03 over Defendant's initial payment. *See* **Exhibit E**, attached hereto.

62. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was September 21, 2025.

63. As of the date of this Complaint, 200 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

64. Accordingly, Plaintiff has been damaged in the amount of $14,468.03 for Patient C.G. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient D.L. – DISP-3002479**

65. On October 26, 2023, Dr. Vega-Bermudez provided medical treatment to an individual identified as D.L. ("Patient D.L.") Riverview Medical Center, located in Red bank, New Jersey.

66. After treating Patient D.L., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    a. $19,800.00 for CPT code G0453;

    b. $9,175.00 for CPT code 95938; and

    c. $15,000.00 for CPT code 95939.

    d. $5,300.00 for CPT code 95861.

67. In response to Plaintiff's HCFA, Defendant allowed payments as follows:

    c. $575.10 for CPT code G0453;

    d.    $47.22 for CPT code 95938; and

    e.    $122.70 for CPT code 95939;

    f.    $84.41 for CPT code 95861.

68.    Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer.as follows:

    a.    $19,800.00 for CPT code G0453;

    b.    $9,175.00 for CPT code 95938;

    c.    $15,000.00 for CPT code 95939; and

    d.    $5,300.00 for CPT code 95861.

69.    Defendant submitted the following Notice of Offer:

    a.    $2,293.20 for CPT code G0453;

    b.    $47.22 for CPT code 95938;

    c.    $122.70 for CPT code 95861; and

    d.    $84.41 for CPT code 95861.

70.    On May 7, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-3002479, awarding Plaintiff $49,275.00 for CPT code G0453, 95938, 95939, and 95861, amounting to an additional $48,445.57 over Defendant's initial payment. *See* **Exhibit F**, attached hereto.

71.    Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was June 6, 2025.

72.    As of the date of this Complaint, 300 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

73. Accordingly, Plaintiff has been damaged in the amount of $48,445.57 for Patient D.L. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient B.M. – DISP-2752512**

74. On July 16, 2024, Dr. Vega-Bermudez provided medical treatment to an individual identified as B.M. ("Patient B.M.") at The Valley Hospital, located in Ridgewood, New Jersey.

75. After treating Patient B.M., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

    e. $13,500.00 for CPT code G0453;

    f. $9,175.00 for CPT code 95938; and

    g. $15,000.00 for CPT code 95939.

76. In response to Plaintiff's HCFA, Defendant allowed payments as follows:

    g. $95.85 for CPT code G0453;

    h. $47.22 for CPT code 95938; and

    i. $122.70 for CPT code 95939.

77. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer.as follows:

    a. $13,500.00 for CPT code G0453;

    b. $9,175.00 for CPT code 95938; and

    c. $15,000.00 for CPT code 95939.

78. Defendant submitted the following Notice of Offer:

    a. $382.20 for CPT code G0453;

    b. $47.22 for CPT code 95938; and

c.    $122.70 for CPT code 95861.

79.    On May 17, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-2752512, awarding Plaintiff $37,675.00 for CPT codes G0453, 95938, and 95861, amounting to an additional $37,406.23 over Defendant's initial payment. *See* **Exhibit G**, attached hereto.

80.    Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was June 16, 2025.

81.    As of the date of this Complaint, 300 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

82.    Accordingly, Plaintiff has been damaged in the amount of $37,406.23 for Patient B.M. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient M.Q. – DISP-1308427**

83.    On September 13, 2023, Dr. Vega-Bermudez provided medical treatment to an individual identified as M.Q. ("Patient M.Q.") at The Valley Hospital, located in Ridgewood, New Jersey.

84.    After treating Patient M.Q., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

a.    $9,900.00 for CPT code G0453;

b.    $9,175.00 for CPT code 95938; and

c.    $15,000.00 for CPT code 95939.

d.    $5,299.00 for CPT code 95861.

85.    In response to Plaintiff's HCFA, Defendant allowed payments as follows:

  a. $272.70 for CPT code G0453;

  b. $44.79 for CPT code 95938; and

  c. $116.38 for CPT code 95939;

  d. $80.06 for CPT code 95861.

86. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer.as follows:

  a. $9,900.00 for CPT code G0453;

  b. $9,175.00 for CPT code 95938;

  c. $15,000.00 for CPT code 95939; and

  d. $4,301.00 for CPT code 95861.

87. Defendant submitted the following Notice of Offer:

  a. $1,146.60 for CPT code G0453;

  b. $44.79 for CPT code 95938;

  c. $116.38 for CPT code 95939; and

  d. $80.06 for CPT code 95861.

88. On April 5, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-1148718, awarding Plaintiff $38,386.00 for CPT codes G0453, 95938, 95939, and 95861, amounting to an additional $37,862.07 over Defendant's initial payment. *See* **Exhibit H**, attached hereto.

89. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was May 5, 2025.

90. As of the date of this Complaint, 300 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

91. Accordingly, Plaintiff has been damaged in the amount of $37,862.07 for Patient M.Q. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient S.R. – DISP-3151627**

92. On July 26, 2022, Dr. Vega-Bermudez provided medical treatment to an individual identified as S.R. ("Patient S.R.") at Saint Barnabas Medical Center, located in Livingston, New Jersey.

93. After treating Patient S.R., Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the medical treatment rendered, itemized under the following CPT codes:

   h. $1,700.00 for CPT code G0453;

   i. $9,175.00 for CPT code 95938; and

   j. $5,300.00 for CPT code 95861.

94. In response to Plaintiff's HCFA, Defendant allowed payments as follows:

   j. $55.09 for CPT code G0453;

   k. $89.27 for CPT code 95938; and

   l. $0.00 for CPT code 95861.

95. Following the commencement of the IDR process, Plaintiff submitted a Notice of Offer together with documentation that supported Plaintiff's final offer.as follows:

   a. $1,445.00 for CPT code G0453;

   b. $7,798.75 for CPT code 95938; and

   c. $4,505.00 for CPT code 95861.

96. Defendant submitted the following Notice of Offer:

   a. $127.40 for CPT code G0453;

     b.     $41.59 for CPT code 95938; and

     c.     $74.35 for CPT code 95861.

97. On August 6, 2025, the CIDRE ruled in Plaintiff's favor under IDR reference number DISP-3151627, awarding Plaintiff $13,748.75 for CPT codes G0453, 95938, and 95861, amounting to an additional $13,604.39 over Defendant's initial payment. *See* **Exhibit I**, attached hereto.

98. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was September 5, 2025.

99. As of the date of this Complaint, 150 days have elapsed since Defendant's deadline to submit the IDR determination payments to Plaintiff.

100. Accordingly, Plaintiff has been damaged in the amount of $13,604.39 for Patient S.R. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient J.L.M. – DISP-3520117**

101. On October 29, 2024, Dr. Vega-Bermudez provided medical treatment to an individual identified as J.L.M. ("Patient J.L.M.") at The Valley Hospital, located in Ridgewood, New Jersey.

102. After treating Patient J.L.M., Plaintiff submitted HCFA medical bill to Defendant seeking payment of $11,000.00 for the medical treatment rendered, itemized under CPT code G0453.

103. In response to Plaintiff's HCFA, Defendant allowed payment in the amount of $319.50 for CPT code G0453.

104. Plaintiff disputed Defendant's initial payment denial and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

105. Thereafter, Plaintiff submitted a "Notice of Offer" of $11,000.00, together with documentation that supported Plaintiff's final offer, for CPT code G0453.

106. Defendant submitted a Notice of Offer of $1,274.00 for CPT code G0453.

107. On August 20, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-3520117, awarding Plaintiff $11,000.00 for CPT code G0453, amounting to an additional $10,680.50 over Defendant's initial payment. *See* **Exhibit J**, attached hereto.

108. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was September 19, 2025.

109. As of the date of this Complaint, 200 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

110. Accordingly, Plaintiff has been damaged in the amount of $10,680.50 for Patient J.L.M. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient J.M. – DISP-2783711**

111. On November 26, 2024, Dr. Vega-Bermudez provided medical treatment to an individual identified as J.M. ("Patient J.M.") at The Valley Hospital, located in Ridgewood, New Jersey.

112. After treating Patient J.M., Plaintiff submitted HCFA medical bill to Defendant seeking payment of $14,300.00 for the medical treatment rendered, itemized under CPT code G0453.

113. In response to Plaintiff's HCFA, Defendant allowed payment in the amount of $415.35 for CPT code G0453.

114. Plaintiff disputed Defendant's initial payment denial and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

115. Thereafter, Plaintiff submitted a "Notice of Offer" of $14,300.00, together with documentation that supported Plaintiff's final offer, for CPT code G0453.

116. Defendant submitted a Notice of Offer of $1,656.20 for CPT code G0453.

117. On April 24, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-3520117, awarding Plaintiff $14,300.00 for CPT code G0453, amounting to an additional $13,884.65 over Defendant's initial payment. *See* **Exhibit K**, attached hereto.

118. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was May 24, 2025.

119. As of the date of this Complaint, 300 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

120. Accordingly, Plaintiff has been damaged in the amount of $13,884.65 for Patient J.M. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

**Patient G.F. – DISP-3355729**

121. On January 7, 2025, Dr. Vega-Bermudez provided medical treatment to an individual identified as G.F. ("Patient G.F.") at The Valley Hospital, located in Ridgewood, New Jersey.

122. After treating Patient G.F., Plaintiff submitted HCFA medical bill to Defendant seeking payment of $16,500.00 for the medical treatment rendered, itemized under CPT code G0453.

123. In response to Plaintiff's HCFA, Defendant denied payment to Plaintiff.

124. Plaintiff disputed Defendant's initial payment denial and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

125. Thereafter, Plaintiff submitted a "Notice of Offer" of $16,500.00, together with documentation that supported Plaintiff's final offer, for CPT code G0453.

126. Defendant submitted a Notice of Offer of $0.00 for CPT code G0453.

127. On July 8, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-3355729, awarding Plaintiff $16,500.00 for CPT code G0453. *See* **Exhibit L**, attached hereto.

128. Defendant failed to issue the IDR determination payments to Plaintiff even though its deadline to do so was August 7, 2025.

129. As of the date of this Complaint, 200 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

130. Accordingly, Plaintiff has been damaged in the amount of $16,500.00 for Patient G.F. due to the Defendant's failure to pay the IDR determinations and continues to suffer damages in the operation of its medical practice.

131. While the NSA is a federal law, federal courts have indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (*citing Kennedy v.*

*UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA; "the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

132.     Accordingly, Plaintiff has been damaged in the total amount of $347,824.54 due to Defendant's failure to pay the IDR determinations ("Awards") and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### BREACH OF EXPRESS CONTRACT (CLICK-WRAP)

133.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 132 of the Complaint as though fully set forth herein.

134.     In each instance, Plaintiff initiated the NSA's IDR process by submitting a Notice of IDR Initiation to the Department of Health and Human Services via the NSA's federal IDR portal. *See* **Exhibit M**, attached hereto.

135.     Thereafter, the parties were presented with IDR participation terms, including the federal IDR portal's Terms of Use and the CIDREs' participation agreements, which required the parties' consent to be bound by the CIDREs' final payment determinations and to pay the amount determined by the CIDREs. Each party was required to accept the NSA's IDR participation terms prior to submitting an IDR offer, uploading documents and proceeding with the IDR process.

136.     Defendant provided affirmative consent to the IDR's participation terms by checking a box and/or clicking "I agree."

137.     The parties' mutual agreement to accept and comply with the CIDREs' determinations is sufficient consideration.

138.    In the above disputes, the CIDREs entered awards for the medical services Plaintiff rendered to Defendant's members, amounting to an additional $347,824.54 over Defendant's initial payments.

139.    Under the express terms of the click-wrap agreement, Defendant was required to pay the Awards.

140.    Defendant failed to pay the Awards.

141.    To date, Defendant has not paid the Awards, despite Plaintiff's demand for payments.

142.    The NSA does not preempt a claim for breach of contract. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA).

143.    The click-wrap agreement constitutes a valid, express contract under New Jersey law, supported by mutual consideration, including Plaintiff's opportunity to obtain binding dispute resolution and Defendant's participation in the NSA's IDR process and agreement to be bound by the outcome.

144.    Defendant breached the express click-wrap contract by failing to pay the amounts determined by the CIDREs.

145.    Defendant's failure to pay the Awards constitutes a material breach of contract.

146.    As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $347,824.54.

## COUNT TWO

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

147. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 147 of the Complaint as though fully set forth herein.

148. The click-wrap agreement constitutes a valid express contract under New Jersey law governing the parties' agreement to participate in the NSA's IDR process and to pay the Awards as determined by the CIDREs.

149. Defendant acted in bad faith by refusing to pay the Awards as determined by the CIDREs despite its agreement to be bound by the CIDREs' final payments determinations.

150. Defendant's conduct was undertaken to avoid its payments obligations and to delay or frustrate Plaintiff's right to receive payments.

151. Defendant's actions deprived Plaintiff of the benefit of its bargain.

152. Plaintiff suffered damages in the unpaid Awards as determined by the CIDREs.

## COUNT THREE

## DECLARATORY JUDGMENT

153. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 152 of the Complaint as though fully set forth herein.

154. An actual and present controversy exists between Plaintiff and Defendant concerning Defendant's obligation to pay the Awards as determined by the CIDREs.

155. By refusing to pay the Awards despite repeated demands, Defendant seemingly contends that it is not required to do so, or that payments may be delayed or avoided, notwithstanding the CIDREs' final determinations.

156. Defendant is obligated to pay the amounts determined by the CIDREs and there is no appeal, complaint or administrative process that stays Defendant's payment obligations.

157. A declaratory judgment would resolve the parties' dispute and clarify their respective rights and obligations.

158. Plaintiff seeks a declaration that Defendant is obligated to pay the Awards as determined by the CIDREs in full and without delay.

## COUNT FOUR

### ACCOUNT STATED

159. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 158 of the Complaint as though fully set forth herein.

160. Plaintiff rendered medical treatment to Defendant's members for which Defendant was financially responsible.

161. Plaintiff submitted HCFAs to Defendant reflecting amounts due for the medical treatments it rendered to Defendant's members.

162. After the parties failed to resolve the payment disputes at the close of the open negotiation periods, Plaintiff initiated the NSA's IDR process.

163. In each instance, the CIDREs issued written final determinations establishing the amounts Defendant owed to Plaintiff for the medical services it rendered to Defendant's members.

164. Defendant received the CIDREs' written final determinations and did not move to vacate the Awards, as provided for under the under the parameters described in paragraphs (1) through (4) of section 10(a) of title 9. See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

165. Defendant's failure to seek recourse under 9 U.S.C. § 10(a) constitutes an implied agreement that the CIDREs' final determinations are correct.

166. Defendant has failed to pay the Awards as determined by the CIDREs.

## COUNT FIVE

### QUANTUM MERUIT (*Pled in the Alternative*)

167. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 166 of the Complaint as though fully set forth herein.

168. Plaintiff conferred a valuable benefit upon Defendant by providing good faith medical services to Defendant's members at Plaintiff's expense, with the reasonable expectation of payment.

169. Defendant accepted and retained the benefit from the medical services Plaintiff provided as its members received medical services under the health plans Defendant administers.

170. Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's members as it received HCFAs from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its members because it issued Explanations of Benefits ("EOB") and made initial payments

171. The final determinations made by the CIDREs reflect objective, federally regulated assessments of the reasonable value for the medical services Plaintiff rendered to Defendant's members.

172. Defendant has failed to pay the Awards as determined by the CIDREs, or any amount approximating the reasonable value for the medical services Plaintiff rendered to Defendant's members.

173. It would be unjust and inequitable for Defendant to retain the benefit of Plaintiff's medical services without paying the reasonable value as determined by the CIDREs.

174.    Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the reasonable value of the services rendered as determined by the CIDREs.

175.    This quantum meruit claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contract governs Defendant's obligation to pay or that the express contract is unenforceable, void, or otherwise inapplicable.

## COUNT SIX

### PROMISSORY ESTOPPEL (*Pled in the Alternative*)

176.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 175 of the Complaint as though fully set forth herein.

177.    Defendant promised, through its participation in the NSA's IDR process, to be bound by the CIDREs' final determinations and to pay the Awards as determined by the CIDREs.

178.    Specifically, Defendant furnished EOBs to Plaintiff communicating that the claims in question are subject to the rules and procedures of the NSA. *See* **Exhibit N**, attached hereto.

179.    Defendant reasonably expected Plaintiff to rely on that promise as the EOBs convey to Plaintiff that it can seek additional reimbursement via the NSA.

180.    Plaintiff relied on Defendant's promise by participating in the NSA's IDR process and foregoing other remedies to recover payment for the medical services Plaintiff rendered to Defendant's members.

181.    Defendant failed to honor its promise by refusing to pay the Awards as determined by the CIDREs.

182.    Plaintiff suffered damages as a result of Defendant's failure to honor its promise to pay the Awards as determined by the CIDREs.

183.    Injustice can be avoided only by enforcing Defendant's promise to be bound by the CIDREs' final determinations and to pay the amounts determined by the CIDREs.

184.    This promissory estoppel claim is pled **in the alternative** to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contract governs Defendant's obligation to payor that the express contract is unenforceable, void, or otherwise inapplicable.

## COUNT SEVEN

### UNJUST ENRICHMENT (*Pled in the Alternative*)

185.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 184 of the Complaint as though fully set forth herein.

186.    Defendant received the benefit of the underlying medical services Plaintiff rendered to Defendant's members. These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefit without commensurate compensation.

187.    Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received HCFAs from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's members. Defendant appreciates, realizes and knows that the benefit was conferred because it issued EOBs and made initial payments. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

188.    The dispute over the value of the benefits received was resolved in accordance with the NSA's IDR process, which requires the non-prevailing party to issue payment within 30 days of the determinations made by the CIDREs.

189.     The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA)). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR awards issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

190.     Defendant improperly retained the benefit under the plans without payment to Plaintiff.

191.     Defendant has continued to improperly retain the required payments for the services Plaintiff rendered to its members beyond the 30-day deadline, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

192.     It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes, as determined by the CIDREs in accordance with federal law.

193.     Plaintiff hereby seeks payment of the Awards as determined by the CIDREs as well as all benefits obtained by Defendant because Defendant did not timely pay the amounts owed, including without limitation the interest or investment income generated by such funds.

194.     This unjust enrichment claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable

express contract governs Defendant's obligation to pay or that the express contract is unenforceable, void, or otherwise inapplicable.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.        Judgment in the amount of $347,824.54;

    b.        Declaratory relief as requested;

    c.        Pre- and post-judgment interest;

    d.        Costs of suit; and

    e.        Such other relief as the Court deems just and equitable.

Dated: January 23, 2026
        Fair Lawn, New Jersey

        **GOTTLIEB & GREENSPAN, LLC**
        *Attorneys for Plaintiff*

        */s/ Daniel Palgon*
        Daniel Palgon, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Daniel Palgon, Esq. is hereby designated as trial counsel in the above-captioned litigation on behalf of the law firm of Gottlieb & Greenspan, LLC.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

*/s/ Daniel Palgon*
Daniel Palgon, Esq.

Dated: April 14, 2026

# Exhibit A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2199778

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2199778** and has determined that Neuromon Professionals LLC is the prevailing party in this dispute. Neuromon Professionals LLC prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$9,175.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95938 on this claim ER16038158 under this dispute.

iMPROve Health based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $9,175.00

United Healthcare submitted an offer of  $46.17

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Date: 04/18/2025

Under the No Surprises Act and its implementing regulations, the arbiter must select one of two proposed payment amounts, taking into consideration the evidence submitted by each party. All of the permissible evidence and information presented, including the QPA, is considered and given appropriate weight under the NSA factors. The No Surprises Act prohibits the arbiter from taking into consideration certain factors, including usual and customary charges, the amount the provider or facility would have billed in the absence of the No Surprises Act, or payment/reimbursement rates under Medicare, Medicaid, Children's Health Insurance or Tricare programs. These prohibited factors have not been considered.

In support of its offer, the initiating physician entity urges consideration of evidence including the provider's training, academic appointments, research, publications, and experience, which was given moderate weight under Factor 1. Moderate weight was also given the provider's evidence under Factor 2 regarding the group's small size in comparison to the market share of the payer, as well as the evidence under Factor 5, which notes the payer did not respond or engage during the Open Negotiations period and has previously reimbursed the code in dispute at rates that significantly exceed the QPA. Some additional weight was also given to the provider's evidence under Factor 3 regarding the acuity and complexity of care, given the need for the service during a lengthy surgical procedure.

As for non-initiating health plan, it relies on the QPA, which was considered and given minimal weight. An arbiter is not to presume that the QPA is or is not the appropriate out-of-network rate, but must consider and weigh the QPA along with all information presented under the NSA factors. The remainder of the information submitted by the health plan, which focuses on the inadequacy of the provider's showing to support a deviation from the QPA under each factor, was also given minimal weight.

All other evidence submitted by the parties was reviewed and considered but given no weight, as it did not offer meaningful assistance with respect to the appropriate rate for the service at issue.

On balance, and weighing the permissible evidence presented, the provider's showing outweighs the health plan's. Because only one offer as submitted by a party may be selected, iMPROve Health has determined that the initiating party's offer best reflects the appropriate payment amount for this claim.

**Determination 2**

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$15,000.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95939 on this claim ER16038158 under this dispute.

iMPROve Health based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $15,000.00

United Healthcare submitted an offer of  $121.59

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those | X | X |

| | | | |
|---|---|---|---|
| | endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

## Determination Rationale

Date: 04/18/2025

Under the No Surprises Act and its implementing regulations, the arbiter must select one of two proposed payment amounts, taking into consideration the evidence submitted by each party. All of the permissible evidence and information presented, including the QPA, is considered and given appropriate weight under the NSA factors. The No Surprises Act prohibits the arbiter from taking into consideration certain factors, including usual and customary charges, the amount the provider or facility would have billed in the absence of the No Surprises Act, or payment/reimbursement rates under Medicare, Medicaid, Children's Health Insurance or Tricare programs. These prohibited factors have not been considered.

In support of its offer, the initiating physician entity urges consideration of evidence including the provider's training, academic appointments, research, publications, and experience, which was given moderate weight under Factor 1. Moderate weight was also given the provider's evidence under Factor 2 regarding the group's small size in comparison to the market share of the payer, as well as the evidence under Factor 5, which notes the payer did not respond or engage during the Open Negotiations period and has previously reimbursed the code in dispute at rates that significantly exceed the QPA. Some additional weight was also given to the provider's evidence under Factor 3 regarding the acuity and complexity of care, given the need for the service during a lengthy surgical procedure.

As for non-initiating health plan, it relies on the QPA, which was considered and given minimal weight. An arbiter is not to presume that the QPA is or is not the appropriate out-of-network rate, but must consider and weigh the QPA along with all information presented under the NSA factors. The remainder of the information submitted by the health plan, which focuses on the inadequacy of the provider's showing to support a deviation from the QPA under each factor, was also given minimal weight.

All other evidence submitted by the parties was reviewed and considered but given no weight, as it did not offer meaningful assistance with respect to the appropriate rate for the service at issue.

On balance, and weighing the permissible evidence presented, the provider's showing outweighs the health plan's. Because only one offer as submitted by a party may be selected, iMPROve Health has determined that the initiating party's offer best reflects the appropriate payment amount for this claim.

**Determination 3**

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$5,300.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95861 on this claim ER16038158 under this dispute.

iMPROve Health based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $5,300.00

United Healthcare submitted an offer of  $81.94

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Date: 04/18/2025

Under the No Surprises Act and its implementing regulations, the arbiter must select one of two proposed payment amounts, taking into consideration the evidence submitted by each party. All of the permissible evidence and information presented, including the QPA, is considered and given appropriate weight under the NSA factors. The No Surprises Act prohibits the arbiter from taking into consideration certain factors, including usual and customary charges, the amount the provider or facility would have billed in the absence of the No Surprises Act, or payment/reimbursement rates under Medicare, Medicaid, Children's Health Insurance or Tricare programs. These prohibited factors have not been considered.

In support of its offer, the initiating physician entity urges consideration of evidence including the provider's training, academic appointments, research, publications, and experience, which was given moderate weight under Factor 1. Moderate weight was also given the provider's evidence under Factor 2 regarding the group's small size in comparison to the market share of the payer, as well as the evidence under Factor 5, which notes the payer did not respond or engage during the Open Negotiations period and has previously reimbursed the code in dispute at rates that significantly exceed the QPA. Some additional weight was also given to the provider's evidence under Factor 3 regarding the acuity and complexity of care, given the need for the service during a lengthy surgical procedure.

As for non-initiating health plan, it relies on the QPA, which was considered and given minimal weight. An arbiter is not to presume that the QPA is or is not the appropriate out-of-network rate, but must consider and weigh the QPA along with all information presented under the NSA factors. The remainder of the information submitted by the health plan, which focuses on the inadequacy of the provider's showing to support a deviation from the QPA under each factor, was also given minimal weight.

All other evidence submitted by the parties was reviewed and considered but given no weight, as it did not offer meaningful assistance with respect to the appropriate rate for the service at issue.

On balance, and weighing the permissible evidence presented, the provider's showing outweighs the health plan's. Because only one offer as submitted by a party may be selected, iMPROve Health has determined that the initiating party's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that United Healthcare had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2199778 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Neuromon Professionals LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2199778 was Neuromon Professionals LLC. The initiating party's NPI is 1679218622 and TIN is 881613283. The non-initiating party was United Healthcare. The 90-calendar day cooling off period begins on April 18, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2770594

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2770594** and has determined that Neuromon Professionals LLC is the prevailing party in this dispute. Neuromon Professionals LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$35,202.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service G0453 on this claim EV60692383 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of $35,202.00

UNITED HEALTHCARE submitted an offer of $4,076.80

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

## Determination 2

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$1,900.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95925 on this claim EV60692383 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $1,900.00

UNITED HEALTHCARE submitted an offer of  $28.97

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$1,800.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95928 on this claim EV60692383 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $1,800.00

UNITED HEALTHCARE submitted an offer of  $81.23

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 4**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$5,300.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95861 on this claim EV60692383 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $5,300.00

UNITED HEALTHCARE submitted an offer of  $84.41

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2770594 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Neuromon Professionals LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2770594 was Neuromon Professionals LLC. The initiating party's NPI is 1679218622 and TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on April 24, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit C

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3000974

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3000974** and has determined that Neuromon Professionals LLC is the prevailing party in this dispute. Neuromon Professionals LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$18,700.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service G0453 on this claim EV72912664 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $18,700.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EV72912664 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $9,175.00

UNITED HEALTHCARE submitted an offer of  $47.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$3,800.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95885 on this claim EV72912664 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $3,800.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 4**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$725.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95907 on this claim EV72912664 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $725.00

UNITED HEALTHCARE submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that  UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3000974 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Neuromon Professionals LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3000974 was Neuromon Professionals LLC. The initiating party's NPI is 16792186 and TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on June 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit D

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3203019

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3203019** and has determined that Neuromon Professionals LLC is the prevailing party in this dispute. Neuromon Professionals LLC prevailed in 5 out of 5 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$22,000.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service G0453 on this claim ET64381826 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of $22,000.00

UNITED HEALTHCARE submitted an offer of $2,548.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

It is IPRO's determination that the payment amount offer by Neuromon Professionals LLC represents the value of the qualified IDR service at issue in DISP-3203019. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other; the level of training and experience of the providers rendering care; the quality and outcomes measurements of the facility rendering service; the teaching status, case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by Neuromon Professionals LLC best reflects the appropriate payment amount for DISP-3203019. Therefore, Neuromon Professionals LLC has been selected as the appropriate out-of-network (OON) rate.

**Determination 2**

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$9,175.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95938 on this claim ET64381826 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $9,175.00

UNITED HEALTHCARE submitted an offer of  $47.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |

| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

It is IPRO's determination that the payment amount offer by Neuromon Professionals LLC represents the value of the qualified IDR service at issue in DISP-3203019. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other;  the level of training and experience of the providers rendering care; the quality and outcomes measurements of the facility rendering service; the teaching status, case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by Neuromon Professionals LLC best reflects the appropriate payment amount for DISP-3203019. Therefore, Neuromon Professionals LLC has been selected as the appropriate out-of-network (OON) rate.

**Determination 3**

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$15,000.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95939 on this claim ET64381826 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $15,000.00

UNITED HEALTHCARE submitted an offer of  $122.70

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted | X | X |

| | | | |
|---|---|---|---|
| | rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

## Determination Rationale

It is IPRO's determination that the payment amount offer by Neuromon Professionals LLC represents the value of the qualified IDR service at issue in DISP-3203019. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other;  the level of training and experience of the providers rendering care; the quality and outcomes measurements of the facility rendering service; the teaching status, case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by Neuromon Professionals LLC best reflects the appropriate payment amount for DISP-3203019. Therefore, Neuromon Professionals LLC has been selected as the appropriate out-of-network (OON) rate.

## Determination 4

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$3,800.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95885 on this claim ET64381826 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $3,800.00

UNITED HEALTHCARE submitted an offer of  $38.68

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| | Demonstrations of good faith efforts (or lack of good | | |

| | | | |
|---|---|---|---|
| 5 | faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

## Determination Rationale

It is IPRO's determination that the payment amount offer by Neuromon Professionals LLC represents the value of the qualified IDR service at issue in DISP-3203019. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other;  the level of training and experience of the providers rendering care; the quality and outcomes measurements of the facility rendering service; the teaching status, case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by Neuromon Professionals LLC best reflects the appropriate payment amount for DISP-3203019. Therefore, Neuromon Professionals LLC has been selected as the appropriate out-of-network (OON) rate.

## Determination 5

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$925.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95908 on this claim ET64381826 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $925.00

UNITED HEALTHCARE submitted an offer of  $69.86

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such | X | |

|   | item or service |   |   |
|---|---|---|---|
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

It is IPRO's determination that the payment amount offer by Neuromon Professionals LLC represents the value of the qualified IDR service at issue in DISP-3203019. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other;  the level of training and experience of the providers rendering care; the quality and outcomes measurements of the facility rendering service; the teaching status, case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by Neuromon Professionals LLC best reflects the appropriate payment amount for DISP-3203019. Therefore, Neuromon Professionals LLC has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that  UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3203019 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Neuromon Professionals LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3203019 was Neuromon Professionals LLC. The initiating party's TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on July 21, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit E

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2132398

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2132398** and has determined that NEUROMON PROFESSIONALS LLC is the prevailing party in this dispute. NEUROMON PROFESSIONALS LLC prevailed in 2 out of 2 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$5,500.00** offered by NEUROMON PROFESSIONALS LLC is the appropriate out-of-network rate for the item or service G0453 on this claim EQ27429533 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

NEUROMON PROFESSIONALS LLC submitted an offer of  $5,500.00

UNITED HEALTHCARE submitted an offer of  $637.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

It is IPRO's determination that the payment amount offered by NEUROMON PROFESSIONALS LLC represents the value of the qualified IDR service at issue in DISP-2132398. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other; the level of training and experience of the providers rendering care; the case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by NEUROMON PROFESSIONALS LLC best reflects the appropriate payment amount for DISP-2132398. Therefore, the offer by NEUROMON PROFESSIONALS LLC has been selected as the appropriate out-of-network (OON) rate.

**Determination 2**

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$9,175.00** offered by NEUROMON PROFESSIONALS LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EQ27429533 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

NEUROMON PROFESSIONALS LLC submitted an offer of  $9,175.00

UNITED HEALTHCARE submitted an offer of  $47.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

It is IPRO's determination that the payment amount offered by NEUROMON PROFESSIONALS LLC represents the value of the qualified IDR service at issue in DISP-2132398. IPRO has considered the QPA, and all the evidence submitted by both parties. IPRO finds the market share information of the plan in the geographic region of service; the demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other; the level of training and experience of the providers rendering care; the case mix, and scope of services of the facility that furnished the service; and the patient acuity and complexity of the services provided demonstrates that the offer by NEUROMON PROFESSIONALS LLC best reflects the appropriate payment amount for DISP-2132398. Therefore, the offer by NEUROMON PROFESSIONALS LLC has been selected as the appropriate out-of-network (OON) rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that  UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2132398 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to NEUROMON PROFESSIONALS LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a

subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2132398 was NEUROMON PROFESSIONALS LLC. The initiating party's TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on August 22, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit F

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3002479

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3002479** and has determined that NEUROMON PROFESSIONALS is the prevailing party in this dispute. NEUROMON PROFESSIONALS prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$19,800.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service G0453 on this claim EV82040726 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of  $19,800.00

UNITED HEALTHCARE submitted an offer of  $2,293.20

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence and not already accounted for in the QPA to be considered as well. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 2**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$9,175.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service 95938 on this claim EV82040726 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of $9,175.00

UNITED HEALTHCARE submitted an offer of $47.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence and not already accounted for in the QPA to be considered as well. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 3**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$15,000.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service 95939 on this claim EV82040726 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of  $15,000.00

UNITED HEALTHCARE submitted an offer of $122.70

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence and not already accounted for in the QPA to be considered as well. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Determination 4**

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$5,300.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service 95861 on this claim EV82040726 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of  $5,300.00

UNITED HEALTHCARE submitted an offer of  $84.41

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility | X | X |

|  |  | Initiating Party | Non-Initiating Party |
|---|---|---|---|
|  | that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) |  |  |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care);(3) Acuity of condition or complexity of services (this enrollee provided service)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP submits that the "absolute floor of payment in this matter should be the plan's regular out-of-network benefits." However, this is not the measurement Congress required. Congress imposed a specific methodology for calculation of the QPA which is based on what the plan pays its "in network" providers in a given market, not what it paid its OON providers. If Congress wanted the floor to be the plan's "regular out-of-network provider payments," then it would have said so. Instead, it devised the QPA calculation as the quantitative factor the IDRE is to consider, with other non-quantitative factors supported by evidence and not already accounted for in the QPA to be considered as well. The IP offers no support for its suggestion that the plan's "regular out-of-network benefits" should be considered by the IDRE on any basis.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.
>
> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3002479 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to NEUROMON PROFESSIONALS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3002479 was NEUROMON PROFESSIONALS. The initiating party's TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on May 7, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit G

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2752512

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2752512** and has determined that NEUROMON PROFESSIONALS is the prevailing party in this dispute. NEUROMON PROFESSIONALS prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$13,500.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service G0453 on this claim ER01818537 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of  $13,500.00

UNITED HEALTHCARE submitted an offer of  $382.20

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. Maximus also reviewed objections by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the provider that furnished the qualified IDR item or service. The non-initiating party also submitted information related to additional factors; however, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service, and the level of training and experience of the provider. Based on the information submitted, including the QPA, acuity or complexity, and level of training, Maximus has determined the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service 95938 on this claim ER01818537 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of $9,175.00

UNITED HEALTHCARE submitted an offer of $47.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter | X | X |

| | | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| | into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the provider that furnished the qualified IDR item or service. The non-initiating party also submitted information related to additional factors; however, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service, and the level of training and experience of the provider. Based on the information submitted, including the QPA, acuity or complexity, and level of training, Maximus has determined the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$15,000.00** offered by NEUROMON PROFESSIONALS is the appropriate out-of-network rate for the item or service 95939 on this claim ER01818537 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

NEUROMON PROFESSIONALS submitted an offer of $15,000.00

UNITED HEALTHCARE submitted an offer of $122.70

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |

| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
|---|---|---|---|
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the provider that furnished the qualified IDR item or service. The non-initiating party also submitted information related to additional factors; however, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service, and the level of training and experience of the provider. Based on the information submitted, including the QPA, acuity or complexity, and level of training, Maximus has determined the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that  UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2752512 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to NEUROMON PROFESSIONALS by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2752512 was NEUROMON PROFESSIONALS. The initiating party's NPI is 1679218622 and TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on May 17, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit H

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1308427

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1308427** and has determined that Neuromon Professionals LLC is the prevailing party in this dispute. Neuromon Professionals LLC prevailed in 4 out of 4 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$9,900.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service G0453 on this claim EJ14829376 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $9,900.00

United Healthcare submitted an offer of  $1,146.60

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $9,900.00 for continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (G0453), $9,175.00 for short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs (95938), $15,000.00 for central motor evoked potential study (95939), and $4,301.00 for needle electromyography; two extremities with or without related paraspinal areas (95861) best represents the value of the qualified IDR services at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offers to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished the qualified IDR item or service.

2. The market share held by the provider or facility or that of the plan in the geographic region in which the qualified IDR item or service was provided.

3. The acuity of the participant, or beneficiary, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant or beneficiary.

4. The teaching status, case mix, and scope of services of the facility that furnished the qualified IDR item or service, if applicable.

5. Demonstration of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other, and, if applicable, contracted rates between the provider or facility, as applicable, and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offers.

C2C has considered the QPAs and all of the evidence submitted by both parties.

The initiating party, Neuromon Professionals LLC, provided an offer of $9,900.00 for code G0453, $9,175.00 for code 95938, $15,000.00 for code 95939, and $4,301.00 for code 95861, and provided the following information:

1. The provider's curriculum vitae reflects that the provider is board-certified in sleep medicine, clinical neurophysiology, and neurology with over 24 years of experience.

2. A statement that the provider is an employee of a small intraoperative neuromonitoring practice with a market share as small as it could possibly be. Additionally, a statement that the health plan's market share of healthcare is 12.75 percent nationally, making them the top health insurance company in terms of market share.

3. A statement that the treating surgeon required a certified neurophysiologic intraoperative monitoring specialist to monitor the patient's condition during a spinal surgical procedure. Intraoperative neurophysiological monitoring is used to identify compromises to the nervous system during certain surgical procedures. Evoked responses are constantly monitored for changes that could imply damage to the nervous system. The intent of this monitoring is to alert the surgeon so the surgical procedure may be altered to avoid permanent neurological damage in the event that an anomaly is detected. Such impairments may be due to correctable factors such as a circulatory disturbance, excess compression from retraction, bony structures or hematomas, or mechanical stretching. Monitoring can also identify new systemic impairment; identify or separate nervous system structures, and demonstrate which tracts or nerves are still functional. An intraoperative neurophysiological monitoring report is provided.

4. Information regarding the facility's case mix and scope of services.

5. A statement that the health plan demonstrated a lack of good faith efforts to enter into an agreement or contracted rate by virtue of their lack of response to the provider's request for an open negotiation.

The non-initiating party, United Healthcare, provided an offer of $1,146.60 for code G0453, $44.79 for code 95938, $116.38 for code 95939, and $80.06 for code 95861, and provided the following information:

1. A statement that the health plan has already paid 100 percent of the QPA.

2. A statement that the QPAs are based on a distribution of contract rates paid to providers who perform the same services, so they include providers who meet the minimum level of training at the lower end and providers who have exponentially more training and experience at the higher end.

3. A statement that the health plan is one of several payor groups competing in a well-functioning market and does not have the power to force providers to accept artificially low rates or to manipulate the QPAs. The size of the health plan's contracted network is evidence that all but a few opportunistic providers are comfortable with the terms they have been able to negotiate with the health plan.

4. A statement that the QPAs are based on median contracted rates for the services provided, as captured by service codes. The provider cannot demonstrate, with credible information, that the QPAs do not fully and completely capture the patient's level of acuity or the complexity of the care provided.

5. A statement that the provider cannot demonstrate, with credible information, that the provider or insurer's good faith efforts, or lack thereof, to enter into network agreements with each other during the previous four plan years would instruct an adjustment to the QPAs. The health plan seeks to contract with providers and to pay commercially reasonable rates to those providers within its network.

In reviewing the QPAs, which were $272.70 for code G0453, $44.79 for code 95938, $116.38 for code 95939, and $80.06 for code 95861, and the above-noted information submitted by both parties, C2C finds that the provider's level of training, with board-certifications in clinical neurophysiology, and neurology, and the complexity of the service, as the treating surgeon required a certified neurophysiologic intraoperative monitoring specialist to monitor the patient for compromises to the nervous system during a spinal surgical procedure, are compelling in substantiating that the initiating party's offers best reflect the appropriate payment amounts for this claim.

In determining which offers reflect the appropriate value of these services, C2C found that the initiating party's evidence regarding their level of training and the complexity of the service was the most persuasive and supported the appropriate offer amounts.

Accordingly, it is C2C's determination that the initiating party's offer of $9,900.00 for code G0453, $9,175.00 for code 95938, $15,000.00 for code 95939, and $4,301.00 for code 95861 best represents the value of the qualified IDR services at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Determination 2**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$9,175.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95938 on this claim EJ14829376 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $9,175.00

United Healthcare submitted an offer of  $44.79

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

Please see DLI - 3589459, service code G0453, for the complete determination.

## Determination 3

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$15,000.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95939 on this claim EJ14829376 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $15,000.00

United Healthcare submitted an offer of  $116.38

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | | |

## Determination Rationale

Please see DLI - 3589459, service code G0453, for the complete determination.

## Determination 4

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$4,301.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95861 on this claim EJ14829376 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $4,301.00

United Healthcare submitted an offer of  $80.06

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

Please see DLI - 3589459, service code G0453, for the complete determination.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that United Healthcare had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-1308427 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Neuromon Professionals LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-1308427 was Neuromon Professionals LLC. The initiating party's TIN is 881613283. The non-initiating party was United Healthcare. The 90-calendar day cooling off period begins on April 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit I

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3151627

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3151627** and has determined that Neuromon Professionals LLC is the prevailing party in this dispute. Neuromon Professionals LLC prevailed in 3 out of 3 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$1,445.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service G0453 on this claim DT87888314 0008355730 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $1,445.00

UNITED HEALTHCARE submitted an offer of  $127.40

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service |  |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years |  | X |
| 6 | Additional information submitted by a party |  |  |

**Determination Rationale**

Provider Resources, LLC (PRI), considered all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI's determination that Neuromon Professionals LLC dispute. Hence, PRI has determined Neuromon Professionals LLC prevailed.

PRI has found the most compelling evidence in this case to be the evidence of patient acuity and complexity of care of furnishing the qualified IDR service to the enrollee in addition to the level of training and experience of the provider furnishing the service in question.

Neuromon Professionals LLC submitted evidence that the patient issue here presented with a particularly acute condition, making the course of treatment complex. Neuromon Professionals LLC's years of training, experience, and professional privileges were important in ensuring the optimum level of treatment for the patient's condition.

UNITED HEALTHCARE argued that the QPA is the appropriate reimbursement rate for the service at issue in this dispute.

For the abovementioned reason, PRI finds that the offer presented Neuromon Professionals LLC best represents the value of the service.

*We also want to learn - from you - about what you need.* As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC's determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist's at 855-479-4025.

**Determination 2**

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$7,798.75** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95938 on this claim DT87888314 0008355730 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of $7,798.75

UNITED HEALTHCARE submitted an offer of $41.59

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|---|
| 1 | | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | | Additional information submitted by a party | | |

**Determination Rationale**

Provider Resources, LLC (PRI), considered all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI's determination that Neuromon Professionals LLC dispute. Hence, PRI has determined Neuromon Professionals LLC prevailed.

PRI has found the most compelling evidence in this case to be the evidence of patient acuity and complexity of care of furnishing the qualified IDR service to the enrollee in addition to the level of training and experience of the provider furnishing the service in question.

Neuromon Professionals LLC submitted evidence that the patient issue here presented with a particularly acute condition, making the course of treatment complex. Neuromon Professionals LLC's years of training, experience, and professional privileges were important in ensuring the optimum level of treatment for the patient's condition.

UNITED HEALTHCARE argued that the QPA is the appropriate reimbursement rate for the service at issue in this dispute.

For the abovementioned reason, PRI finds that the offer presented Neuromon Professionals LLC best represents the value of the service.

*We also want to learn - from you - about what you need.* As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC's determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist's at 855-479-4025.

**Determination 3**

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$4,505.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service 95861 on this claim DT87888314 0008355730 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $4,505.00

UNITED HEALTHCARE submitted an offer of  $74.35

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |

| | | | |
|---|---|---|---|
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 6 | Additional information submitted by a party | | |

**Determination Rationale**

Provider Resources, LLC (PRI), considered all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI's determination that Neuromon Professionals LLC dispute. Hence, PRI has determined Neuromon Professionals LLC prevailed.

PRI has found the most compelling evidence in this case to be the evidence of patient acuity and complexity of care of furnishing the qualified IDR service to the enrollee in addition to the level of training and experience of the provider furnishing the service in question.

Neuromon Professionals LLC submitted evidence that the patient issue here presented with a particularly acute condition, making the course of treatment complex. Neuromon Professionals LLC's years of training, experience, and professional privileges were important in ensuring the optimum level of treatment for the patient's condition.

UNITED HEALTHCARE argued that the QPA is the appropriate reimbursement rate for the service at issue in this dispute.

For the abovementioned reason, PRI finds that the offer presented Neuromon Professionals LLC best represents the value of the service.

*We also want to learn - from you - about what you need.* As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC's determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist's at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that UNITED HEALTHCARE had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3151627 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Neuromon Professionals LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3151627 was Neuromon Professionals LLC. The initiating party's TIN is 881613283. The non-initiating party was UNITED HEALTHCARE. The 90-calendar day cooling off period begins on August 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit J

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3520117

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3520117** and has determined that United Healthcare Insurance Company is the prevailing party in this dispute. United Healthcare Insurance Company prevailed in 5 out of 5 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$1,274.00** offered by United Healthcare Insurance Company is the appropriate out-of-network rate for the item or service G0453 on this claim EU75911114 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $11,000.00

United Healthcare Insurance Company submitted an offer of  $1,274.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service |  |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party |  | X |

**Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the non-initiating party's offer of $1,274.00 for continuous intraoperative neurophysiology monitoring (IONM), from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (G0453), $47.22 for short-latency somatosensory evoked potential study, stimulation of any or all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs (95938), $122.70 for central motor evoked potential study (95939), $0.00 for needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency or velocity study; limited (95885), and $0.00 for nerve conduction studies; three to four studies (95908) best represents the value of the qualified IDR services at issue in this dispute. Therefore, C2C has determined the non-initiating party prevailed.

In determining which offers to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished the qualified IDR item or service.

2. The market share held by the provider or facility or that of the plan in the geographic region in which the qualified IDR item or service was provided.

3. The acuity of the participant, or beneficiary, receiving the qualified IDR item or service, or the complexity of furnishing the qualified IDR item or service to the participant or beneficiary.

4. The teaching status, case mix, and scope of services of the facility that furnished the qualified IDR item or service, if applicable.

5. Demonstration of good faith efforts (or lack thereof) made by the provider or facility or the plan to enter into network agreements with each other, and, if applicable, contracted rates between the provider or facility, as applicable, and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offers.

C2C has considered the QPAs and all of the evidence submitted by both parties.

The initiating party, Neuromon Professionals LLC, provided an offer of $11,000.00 for code G0453, $9,175.00 for code 95938, $15,000.00 for code 95939, $3,800.00 for code 95885, and $925.00 for code 95908 and provided the following information:

1. Curriculum vitae.

2. An IONM report.

3. A statement that the health plan is the largest and most profitable insurance company in the country.

4. A statement that the health plan's actions demonstrate a lack of good faith efforts to enter into an agreement or contracted rate.

The non-initiating party, United Healthcare Insurance Company, provided an offer of $1,274.00 for code G0453, $47.22 for code 95938, $122.70 for code 95939, and $0.00 for codes 95885 and 95908 and provided the following information:

1. A statement that the patient's acuity and service complexity for the service code in this dispute is captured in the QPA.

2. A statement that the health plan has paid the provider 100 percent of the QPA.

3. A statement that the QPA methodology captures the median rate for the service in a well-functioning market.

4. A statement that the provider cannot demonstrate that any purported higher level of training or experience would have resulted in a higher reimbursement for the service.

5. A statement that the provider cannot demonstrate that the QPA does not fully and completely capture the patient's level of acuity or the complexity of care provided.

6. A statement that the provider cannot demonstrate that the parties' good faith efforts (or lack thereof) to enter into a network agreement with each other during the previous four plan years would instruct an adjustment to the QPA.

The IDRE notes that the QPA provided by the initiating party at the time of IDR initiation for codes 95885 and 95908 was $0.00. C2C reached out to the health plan on August 12, 2025, to verify the QPAs. The health plan responded the QPA is $0.00 for codes 95885 and 95908. Therefore, these are the QPAs that will be utilized for this dispute

In reviewing the QPAs, which were $319.50 for code G0453, $47.22 for code 95938, $122.70 for code 95939, and $0.00 for codes 95885 and 95908, and the above-noted information submitted by both parties, C2C finds the documentation from the non-initiating party includes a brief that details the background and offer, an argument in support of the offer, and a review of the five circumstances with information specific to this dispute. C2C reviewed the evidence submitted by the initiating party and found that the additional information did not support the offer. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the initiating party argued patient acuity; however, the medical documentation provided did not substantiate their argument. The information submitted by the non-initiating party is compelling in substantiating that the non-initiating party's offers best reflect the appropriate payment amounts for this claim.

In determining which offers reflect the appropriate value of this service, C2C found that the non-initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amounts.

Accordingly, it is C2C's determination that the non-initiating party's offer of $1,274.00 for code G0453, $47.22 for code 95938, $122.70 for code 95939, and $0.00 for codes 95885 and 95908 best represents the value of the qualified IDR services at issue in this dispute. Therefore, C2C has determined the non-initiating party prevailed.

**Determination 2**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$47.22** offered by United Healthcare Insurance Company is the appropriate out-of-network rate for the item or service 95938 on this claim EU75911114 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $9,175.00

United Healthcare Insurance Company submitted an offer of  $47.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service |  |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party |  | X |

**Determination Rationale**

Please see DLI-9901358, service code G0453, for the complete determination.

**Determination 3**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$122.70** offered by United Healthcare Insurance Company is the appropriate out-of-network rate for the item or service 95939 on this claim EU75911114 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $15,000.00

United Healthcare Insurance Company submitted an offer of  $122.70

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | | X |

**Determination Rationale**

Please see DLI-9901358, service code G0453, for the complete determination.

**Determination 4**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$0.00** offered by United Healthcare Insurance Company is the appropriate out-of-network rate for the item or service 95885 on this claim EU75911114 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $3,800.00

United Healthcare Insurance Company submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | | X |

**Determination Rationale**

Please see DLI-9901358, service code G0453, for the complete determination.

**Determination 5**

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$0.00** offered by United Healthcare Insurance Company is the appropriate out-of-network rate for the item or service 95908 on this claim EU75911114 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $925.00

United Healthcare Insurance Company submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service |  |  |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party |  | X |

**Determination Rationale**

Please see DLI-9901358, service code G0453, for the complete determination.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that  Neuromon Professionals LLC had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3520117 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to United Healthcare Insurance Company by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3520117 was Neuromon Professionals LLC. The initiating party's TIN is 881613283. The non-initiating party was United Healthcare Insurance Company. The 90-calendar day cooling off period begins on August 20, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit K

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2783711

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2783711** and has determined that NEUROMON PROFESSIONALS LLC is the prevailing party in this dispute. NEUROMON PROFESSIONALS LLC prevailed in 1 out of 1 dispute line items.

## Determination 1

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$14,300.00** offered by NEUROMON PROFESSIONALS LLC is the appropriate out-of-network rate for the item or service G0453 on this claim EV84159709 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

NEUROMON PROFESSIONALS LLC submitted an offer of  $14,300.00

UNITED HEALTHCARE OF ALL STATES submitted an offer of  $1,656.20

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | X |

## Determination Rationale

Maximus reviewed the documentation submitted by both parties in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient. The non-initiating party also submitted information related to the additional factors considered; however, the initiating party has demonstrated that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Thus, based on the information submitted by both parties, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that UNITED HEALTHCARE OF ALL STATES had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-2783711 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to NEUROMON PROFESSIONALS LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2783711 was NEUROMON PROFESSIONALS LLC. The initiating party's NPI is 1679218622 and TIN is 881613283. The non-initiating party was UNITED HEALTHCARE OF ALL STATES. The 90-calendar day cooling off period begins on April 24, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit L

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3355729

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3355729** and has determined that United Healthcare is the prevailing party in this dispute. United Healthcare prevailed in 2 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$16,500.00** offered by Neuromon Professionals LLC is the appropriate out-of-network rate for the item or service G0453 on this claim EY09309889 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $16,500.00

United Healthcare submitted an offer of  $0.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

The IDR Entity dispute determination is in favor of the only offer with a dollar amount received from the initiating party.

**Determination 2**

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$48.72** offered by United Healthcare is the appropriate out-of-network rate for the item or service 95938 on this claim EY09309889 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of $8,257.50

United Healthcare submitted an offer of $48.72

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

In light of the factors the IDRE is permitted to consider under the No Surprise Act, neither party provided credible information to demonstrate that its final payment offer is the more appropriate out-of-network (OON) rate. Given the absence of additional credible information, the qualifying payment amount for the applicable year for the same or similar item or service was considered.

**Determination 3**

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$84.23** offered by United Healthcare is the appropriate out-of-network rate for the item or service 95929 on this claim EY09309889 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

Neuromon Professionals LLC submitted an offer of  $1,530.00

United Healthcare submitted an offer of  $84.23

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|  | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 6 | Additional information submitted by a party | X | X |

**Determination Rationale**

In light of the factors the IDRE is permitted to consider under the No Surprise Act, neither party provided credible information to demonstrate that its final payment offer is the more appropriate out-of-network (OON) rate. Given the absence of additional credible information, the qualifying payment amount for the applicable year for the same or similar item or service was considered.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Neuromon Professionals LLC had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3355729 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to United Healthcare by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3355729 was Neuromon Professionals LLC. The initiating party's TIN is 881613283. The non-initiating party was United Healthcare. The 90-calendar day cooling off period begins on July 8, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit M



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-1308427

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
| --- | --- |
| 881613283 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

03/20/2024

**Proof of Open Negotiation Documentation:**

POD 3-20-24.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Neuromon Professionals LLC

**Hospital, Facility or Group Name:**

The Valley Hospital

**Mailing Address:**

371 Hoes Lane Suite 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

---

**Name:**

United Healthcare

**Mailing Address:**

PO Box 740800

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Atlanta | GA | 30374 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Line Item**

### Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)

**Claim Number:**

EJ14829376

**Date of the qualified IDR item or service:**

09/13/2023

**Qualifying Payment Amount (QPA):**

$272.70

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EJ14829376

**Date of the qualified IDR item or service:**

09/13/2023

**Qualifying Payment Amount (QPA):**

$44.79

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

EJ14829376

**Date of the qualified IDR item or service:**

09/13/2023

**Qualifying Payment Amount (QPA):**

$116.38

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**
EJ14829376

**Date of the qualified IDR item or service:**
09/13/2023

**Qualifying Payment Amount (QPA):**
$80.06

**Qualifying Payment Amount documentation:**
EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95861

**Place of Service Code:**
21

**Location of Service:**
NJ

---

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**
Federal Hearings and Appeals Services, LLC

**Third Party Attestation:**
Yes

**Conflict of Interest Attestation**

✔ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
| --- | --- |
| James Greenspan, Esq. | 05/06/2024 |



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-2132398

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

10/03/2024

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

POD 10-3-2024.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

NEUROMON PROFESSIONALS LLC

**Hospital, Facility or Group Name:**

OVERLOOK MEDICAL CENTER

**Mailing Address:**

371 HOES LN STE 200

| City: | State: | Zip Code: |
|---|---|---|
| PISCATAWAY | NJ | 08854 |

| Email: | Phone: | Fax: |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

---

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 30555

| City: | State: | Zip Code: |
|---|---|---|
| SALT LAKE CITY | UT | 84130 |

| Email: | Phone: | Fax: |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

## Line Item

### Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)

**Claim Number:**

EQ27429533

**Date of the qualified IDR item or service:**

03/26/2024

**Qualifying Payment Amount (QPA):**

$159.75

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EQ27429533

**Date of the qualified IDR item or service:**

03/26/2024

**Qualifying Payment Amount (QPA):**

$47.22

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Nerve conduction studies; 3-4 studies

**Claim Number:**

EQ27429533

**Date of the qualified IDR item or service:**

03/26/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95908

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

✔ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
|---|---|
| James Greenspan, ESQ | 11/21/2024 |



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-2199778

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

10/15/2024

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

POD 10-14-24.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Neuromon Professionals LLC

**Hospital, Facility or Group Name:**

Valley Hospital

**Mailing Address:**

371 Hoes Lane Suite 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

---

**Name:**

United Healthcare

**Mailing Address:**

PO Box 30555

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Salt Lake City | UT | 84130 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Line Item

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

ER16038158

**Date of the qualified IDR item or service:**

05/16/2024

**Qualifying Payment Amount (QPA):**

$46.17

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

ER16038158

**Date of the qualified IDR item or service:**

05/16/2024

**Qualifying Payment Amount (QPA):**

$121.59

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

### Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

ER16038158

**Date of the qualified IDR item or service:**

05/16/2024

**Qualifying Payment Amount (QPA):**

$81.94

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

Federal Hearings and Appeals Services, LLC

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

✓ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
|---|---|
| James Greenspan, Esq. | 12/03/2024 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-2770594

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

01/26/2025

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

COVER NSA DISPUTE LTR.pdf

POD.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Neuromon Professionals LLC

**Hospital, Facility or Group Name:**

The Valley Hospital

**Mailing Address:**

371 HOES LN STE 200

**City:**

PISCATAWAY

**State:**

NJ

**Zip Code:**

08854

**Email:**

arbs@gottliebandgreenspan.com

**Phone:**

(201) 819-4056

**Fax:**

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 30555

**City:**

SALT LAKE CITY

**State:**

UT

**Zip Code:**

84130

**Email:**

uhg_idr_disputes@uhc.com

**Phone:**

(877) 842-3210

**Fax:**

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

## Line Item

### Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)

**Claim Number:**

EV60692383

**Date of the qualified IDR item or service:**

11/19/2024

**Qualifying Payment Amount (QPA):**

$1022.40

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper limbs

**Claim Number:**
EV60692383

**Date of the qualified IDR item or service:**
11/19/2024

**Qualifying Payment Amount (QPA):**
$28.97

**Qualifying Payment Amount documentation:**
EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95925

**Place of Service Code:**
21

**Location of Service:**
NJ

### Central motor evoked potential study (transcranial motor stimulation); upper limbs

**Claim Number:**
EV60692383

**Date of the qualified IDR item or service:**
11/19/2024

**Qualifying Payment Amount (QPA):**
$81.23

**Qualifying Payment Amount documentation:**
EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95928

**Place of Service Code:**
21

**Location of Service:**
NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

EV60692383

**Date of the qualified IDR item or service:**

11/19/2024

**Qualifying Payment Amount (QPA):**

$84.41

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

✔ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
| --- | --- |
| James Greenspan, ESQ | 03/14/2025 |



# Notice of IDR Initiation

**OMB Control Number: 1210-0169 Expiration Date: 06/30/2025**

## Dispute Reference Number: DISP-2783711

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
|---|---|
| 881613283 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

01/28/2025

**Proof of Open Negotiation Documentation:**

POD.pdf

dispute letter.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

NEUROMON PROFESSIONALS LLC

**Hospital, Facility or Group Name:**

THE VALLEY HOSPITAL

**Mailing Address:**

371 HOES LN STE 200

**City:**

PISCATAWAY

**State:**

NJ

**Zip Code:**

08854

**Email:**

arbs@gottliebandgreenspan.com

**Phone:**

(201) 819-4056

**Fax:**

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE OF ALL STATES

**Mailing Address:**

9900 BREN ROAD

**City:**

MINNETONKA

**State:**

MN

**Zip Code:**

55343

**Email:**

uhg_idr_disputes@uhc.com

**Phone:**

(877) 842-3210

**Fax:**

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**

**State:**

**Zip Code:**

**Email:**

**Phone:**

## Line Item

### Remote Monitoring, Telemedicine

**Claim Number:**
EV84159709

**Date of the qualified IDR item or service:**
11/26/2024

**Qualifying Payment Amount (QPA):**
$415.35

**Qualifying Payment Amount documentation:**
EOB NMP.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Hospital-based service(s)

**Service Code:**
G0453

**Place of Service Code:**
21

**Location of Service:**
NJ

### SSEP; Somatosensory Evoked Potentials; Upper & Lower Limbs

**Claim Number:**
EV84159709

**Date of the qualified IDR item or service:**
11/26/2024

**Qualifying Payment Amount (QPA):**
$47.22

**Qualifying Payment Amount documentation:**
EOB NMP.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Hospital-based service(s)

**Service Code:**
95938

**Place of Service Code:**
21

**Location of Service:**
NJ

## tcMEP; Motor Evoked Potentials; Upper & Lower Limbs

**Claim Number:**
EV84159709

**Date of the qualified IDR item or service:**
11/26/2024

**Qualifying Payment Amount (QPA):**
$122.70

**Qualifying Payment Amount documentation:**
EOB NMP.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Hospital-based service(s)

**Service Code:**
95939

**Place of Service Code:**
21

**Location of Service:**
NJ

## EMG, Needle; 2 Extremity with/without related Paraspinal Areas

**Claim Number:**
EV84159709

**Date of the qualified IDR item or service:**
11/26/2024

**Qualifying Payment Amount (QPA):**
$84.41

**Qualifying Payment Amount documentation:**
EOB NMP.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Hospital-based service(s)

**Service Code:**
95861

**Place of Service Code:**
21

**Location of Service:**
NJ

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

✔ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
|---|---|
| James Greenspan, Esq. | 03/17/2025 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-3000974

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**                                   **National Provider Identifier (NPI):**

881613283                                   N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

02/28/2025

**Proof of Open Negotiation Documentation:**

POD.pdf

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**                                          **Hospital, Facility or Group Name:**

Neuromon Professionals LLC                         The Valley Hospital

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 740800

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ATLANTA | GA | 30374 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Line Item**

### Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)

**Claim Number:**

EV72912664

**Date of the qualified IDR item or service:**

11/04/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EV72912664

**Date of the qualified IDR item or service:**

11/04/2024

**Qualifying Payment Amount (QPA):**

$47.22

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited (List separately in addition to code for primary procedure)

**Claim Number:**

EV72912664

**Date of the qualified IDR item or service:**

11/04/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

### Nerve conduction studies; 1-2 studies

**Claim Number:**

EV72912664

**Date of the qualified IDR item or service:**

11/04/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95907

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

C2C Innovative Solutions, Inc.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**

James Greenspan, ESQ

**Date:**

04/15/2025



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-3002479

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

03/03/2025

**Proof of Open Negotiation Documentation:**

POD 3-3-2025.pdf

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

NEUROMON PROFESSIONALS

**Hospital, Facility or Group Name:**

Riverview Medical Center

**Mailing Address:**

371 HOES LN STE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| PISCATAWAY | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**          **State:**          **Zip Code:**

**Email:**          **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**          **State:**          **Zip Code:**

**Email:**          **Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 740800

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ATLANTA | GA | 30374 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**          **State:**          **Zip Code:**

**Email:**          **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**          **State:**          **Zip Code:**

**Email:**          **Phone:**

## Line Item

### Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)

**Claim Number:**

EV82040726

**Date of the qualified IDR item or service:**

11/26/2024

**Qualifying Payment Amount (QPA):**

$575.10

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

EV82040726

**Date of the qualified IDR item or service:**

11/26/2024

**Qualifying Payment Amount (QPA):**

$47.22

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

EV82040726

**Date of the qualified IDR item or service:**

11/26/2024

**Qualifying Payment Amount (QPA):**

$122.70

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

## Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

EV82040726

**Date of the qualified IDR item or service:**

11/26/2024

**Qualifying Payment Amount (QPA):**

$84.41

**Qualifying Payment Amount documentation:**

EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
|---|---|
| James Greenspan, ESQ | 04/15/2025 |



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-3151627

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

03/24/2025

**Proof of Open Negotiation Documentation:**

FW_ Federal IDR Questions_ 00645869.msg

NSA DISPUTE LTR.pdf

POD.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Neuromon Professionals LLC

**Hospital, Facility or Group Name:**

Saint Barnabas Medical Center

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 740800

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ATLANTA | GA | 30374 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Line Item**

**Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)**

**Claim Number:**

DT87888314 0008355730

**Date of the qualified IDR item or service:**

07/26/2022

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$55.09

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

DT87888314 0008355730

**Date of the qualified IDR item or service:**

07/26/2022

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$89.27

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

### Needle electromyography; 2 extremities with or without related paraspinal areas

**Claim Number:**

DT87888314 0008355730

**Date of the qualified IDR item or service:**

07/26/2022

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95861

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

✓ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**                                    **Date:**

James Greenspan, ESQ                        05/06/2025



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-3203019

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

03/27/2025

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

POD.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Neuromon Professionals LLC

**Hospital, Facility or Group Name:**

The Valley Hospital

**Mailing Address:**

371 HOES LANE, SUITE 200

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Piscataway | NJ | 08854 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| | | |

| **Email:** | **Phone:** |
|---|---|
| | |

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| | | |

| **Email:** | **Phone:** |
|---|---|
| | |

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

UNITED HEALTHCARE

**Mailing Address:**

PO BOX 740800

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ATLANTA | GA | 30374 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| uhg_idr_disputes@uhc.com | (877) 842-3210 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| | | |

| **Email:** | **Phone:** |
|---|---|
| | |

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| | | |

| **Email:** | **Phone:** |
|---|---|
| | |

**Line Item**

### Continuous intraoperative neurophysiology monitoring, from outside the operating room (remote or nearby), per patient, (attention directed exclusively to one patient) each 15 minutes (list in addition to primary procedure)

**Claim Number:**

ET64381826

**Date of the qualified IDR item or service:**

10/04/2024

**Qualifying Payment Amount (QPA):**

$639.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

## Short-latency somatosensory evoked potential study, stimulation of any/all peripheral nerves or skin sites, recording from the central nervous system; in upper and lower limbs

**Claim Number:**

ET64381826

**Date of the qualified IDR item or service:**

10/04/2024

**Qualifying Payment Amount (QPA):**

$47.22

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95938

**Place of Service Code:**

21

**Location of Service:**

NJ

## Central motor evoked potential study (transcranial motor stimulation); in upper and lower limbs

**Claim Number:**

ET64381826

**Date of the qualified IDR item or service:**

10/04/2024

**Qualifying Payment Amount (QPA):**

$122.70

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

**Needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited (List separately in addition to code for primary procedure)**

**Claim Number:**

ET64381826

**Date of the qualified IDR item or service:**

10/04/2024

**Qualifying Payment Amount (QPA):**

$38.68

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

**Nerve conduction studies; 3-4 studies**

**Claim Number:**

ET64381826

**Date of the qualified IDR item or service:**

10/04/2024

**Qualifying Payment Amount (QPA):**

$69.86

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Hospital-based service(s)

**Service Code:**

95908

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

C2C Innovative Solutions, Inc.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| **Signature:** | **Date:** |
| --- | --- |
| James Greenspan, ESQ | 05/13/2025 |



# Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

## Dispute Reference Number: DISP-3355729

## Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
|---|---|
| 881613283 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

04/17/2025

**Proof of Open Negotiation Documentation:**

POD 4_17_25.pdf

Open Negotiation Notice.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**                                                    **Hospital, Facility or Group Name:**

Neuromon Professionals LLC                                   The Valley Hospital

**Mailing Address:**

371 Hoes Ln, ste 200

**City:**                        **State:**                  **Zip Code:**

Piscataway                       NJ                          08854

**Email:**                       **Phone:**                  **Fax:**

arbs@gottliebandgreenspan.com    (201) 819-4056

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**                        **State:**                  **Zip Code:**

**Email:**                       **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**                        **State:**                  **Zip Code:**

**Email:**                       **Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

United Healthcare

**Mailing Address:**

Po Box 1600

**City:**                        **State:**                  **Zip Code:**

Kingston                         NY                          12402

**Email:**                       **Phone:**                  **Fax:**

uhg_idr_disputes@uhc.com         (877) 842-3210

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**                        **State:**                  **Zip Code:**

**Email:**                       **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**                        **State:**                  **Zip Code:**

**Email:**                       **Phone:**

**Line Item**

**Continuous intraoperative neurophysiology monitoring performed from outside the operating room (remote or nearby), per patient, with undivided attention directed to one patient, each 15 minutes.**

**Claim Number:**

EY09309889

**Date of the qualified IDR item or service:**

01/07/2025

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

G0453

**Place of Service Code:**

21

**Location of Service:**

NJ

### Short-latency somatosensory evoked potential study

**Claim Number:**
EY09309889

**Date of the qualified IDR item or service:**
01/07/2025

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
DISPUTE EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95938

**Place of Service Code:**
21

**Location of Service:**
NJ

### Central motor evoked potential study using transcranial motor stimulation, specifically for the lower limbs

**Claim Number:**
EY09309889

**Date of the qualified IDR item or service:**
01/07/2025

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
DISPUTE EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95929

**Place of Service Code:**
21

**Location of Service:**
NJ

## A limited needle electromyography (EMG) of an extremity, when performed with nerve conduction studies

**Claim Number:**
EY09309889

**Date of the qualified IDR item or service:**
01/07/2025

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
DISPUTE EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95885

**Place of Service Code:**
21

**Location of Service:**
NJ

## A nerve conduction study where five or six studies are performed.

**Claim Number:**
EY09309889

**Date of the qualified IDR item or service:**
01/07/2025

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
DISPUTE EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95909

**Place of Service Code:**
21

**Location of Service:**
NJ

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

✓ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
|---|---|
| James Greenspan, Esq. | 06/04/2025 |



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-3520117

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

881613283

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

05/09/2025

**Proof of Open Negotiation Documentation:**

NSA Dispute Letter.pdf

Proof of Dispute.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

A batched dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**                                               **Hospital, Facility or Group Name:**

Neuromon Professionals LLC                              The Valley Hospital

**Mailing Address:**

371 Hoes Lane Suite 200

**City:**                          **State:**                          **Zip Code:**

PISCATAWAY                         NJ                                 08854

**Email:**                         **Phone:**                         **Fax:**

arbs@gottliebandgreenspan.com      (201) 819-4056

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**                          **State:**                          **Zip Code:**

**Email:**                         **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**                          **State:**                          **Zip Code:**

**Email:**                         **Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

United Healthcare Insurance Company

**Mailing Address:**

PO BOX 740800

**City:**                          **State:**                          **Zip Code:**

Atlanta                            GA                                 30374

**Email:**                         **Phone:**                         **Fax:**

uhg_idr_disputes@uhc.com           (877) 842-3210

### Primary Point-of-contact

**Name:**

**Mailing Address:**

**City:**                          **State:**                          **Zip Code:**

**Email:**                         **Phone:**

### Secondary point-of-contact

**Name:**

**Mailing Address:**

**City:**                          **State:**                          **Zip Code:**

**Email:**                         **Phone:**

## Line Item

### Continuous intraoperative neurophysiology monitoring

**Claim Number:**
EU75911114

**Date of the qualified IDR item or service:**
10/29/2024

**Qualifying Payment Amount (QPA):**
$319.50

**Qualifying Payment Amount documentation:**
Dispute EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
G0453

**Place of Service Code:**
21

**Location of Service:**
NJ

### SHORT-LATENCY SOMATOSENS EP STD UPR & LOW LIMB

**Claim Number:**
EU75911114

**Date of the qualified IDR item or service:**
10/29/2024

**Qualifying Payment Amount (QPA):**
$47.22

**Qualifying Payment Amount documentation:**
Dispute EOB.pdf

**Cost sharing amount allowed:**
$0.00

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
95938

**Place of Service Code:**
21

**Location of Service:**
NJ

## CTR MOTR EP STD TRANSCRNL MOTR STIM UPR&LOW LI

**Claim Number:**

EU75911114

**Date of the qualified IDR item or service:**

10/29/2024

**Qualifying Payment Amount (QPA):**

$122.70

**Qualifying Payment Amount documentation:**

Dispute EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95939

**Place of Service Code:**

21

**Location of Service:**

NJ

## NEEDLE EMG EA EXTREMITY W/PARASPINL AREA LIMITED

**Claim Number:**

EU75911114

**Date of the qualified IDR item or service:**

10/29/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

Dispute EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95885

**Place of Service Code:**

21

**Location of Service:**

NJ

## NERVE CONDUCTION STUDIES 3-4 STUDIES

**Claim Number:**

EU75911114

**Date of the qualified IDR item or service:**

10/29/2024

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

Dispute EOB.pdf

**Cost sharing amount allowed:**

$0.00

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

95908

**Place of Service Code:**

21

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

| Signature: | Date: |
|---|---|
| James Greenspan, ESQ | 06/27/2025 |

# Exhibit N

UnitedHealthCare Insurance Company of Illinois
GREENSBORO SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

 UnitedHealthcare



262UTOPPR1013001-02636-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

| | |
|---|---|
| CHECK DATE: | 09/18/24 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮ |
| CHECK AMOUNT: | $0.00 |
| GROUP NUMBER: | ▮▮▮▮ |
| GROUP NAME: | ASCEND WELLNESS HOLDINGS, LLC |

## PROVIDER REMITTANCE ADVICE

## PROVIDER REMITTANCE AT A GLANCE

| | |
|---|---|
| AMOUNT OF TOTAL BENEFITS AVAILABLE | $249.70 |
| LESS AMOUNT PREVIOUSLY OWED | $249.70 |
| TOTAL PAID | $0.00 |

 Go Paperless! UHCprovider.com/paperless

MID-L-002474-26  04/14/2026 11:36:09 AM  Pg 3 of 78  Trans ID: LCV20226941565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 184 of 263
PageID: 458

UnitedHealthCare Insurance Company of Illinois
GREENSBORO SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

SA-3192*01*000002-PM-24262-110*C04FICTTOPS

STD - PRA

**PROVIDER
REMITTANCE ADVICE**

UnitedHealthcare

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

CHECK DATE: 09/18/24
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: [redacted]
CHECK AMOUNT: $0.00
GROUP NUMBER: [redacted]
GROUP NAME: ASCEND WELLNESS
HOLDINGS, LLC

PATIENT: [redacted]

| | | | | |
|---|---|---|---|---|
| SUBSCRIBER ID: [redacted] | SUBSCRIBER NAME: [redacted] | CLAIM DATE: 05/16/24-05/16/24 | CLAIM NUMBER: ER16038158 0321039644 |
| REND PROV ID: 1528005485 | REND PROV: F. VEGA-BERMU | DATE RECEIVED: 09/17/24 | PRODUCT: CHOYC+ |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| [redacted] | | A236099598 | | | $42,975.00 | | | | $249.70 | |

**SERVICE LINE DETAIL(S)**

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 940372815L12254 16872 | 05/16/24 - 05/16/24 | | G0453 | XS | | 3 | 3 | $13,500.00 | | $13,500.00 | PI | 251 | $0.00 | $0.00 | HP, N705 |
| 940372815L12254 16873 | 05/16/24 - 05/16/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $46.17 | $9,128.83 | PI | 242 | $46.17 | $46.17 | CL, N830 |
| 940372815L12254 16874 | 05/16/24 - 05/16/24 | | 95939 | 26 | | 1 | 1 | $15,000.00 | $121.59 | $14,878.41 | PI | 242 | $121.59 | $121.59 | CL, N830 |
| 940372815L12254 16875 | 05/16/24 - 05/16/24 | | 95861 | 26 | | 1 | 1 | $5,300.00 | $81.94 | $5,218.06 | PI | 242 | $81.94 | $81.94 | CL, N830 |
| CLAIM# ER16038158 0321039644 | | | | | | | SUBTOTAL | $42,975.00 | $249.70 | $42,725.30 | | | $249.70 | | |

We have received additional information for claim number EP68029459 0318028745 and have processed the services on the above claim.

STD - PRA-881613283-5400000000322641674

Page 2 of 6

# PROVIDER
# REMITTANCE ADVICE



CHECK DATE: 09/18/24
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▮▮▮▮▮
CHECK AMOUNT: $0.00
GROUP NUMBER: ▮▮▮▮▮
GROUP NAME: ASCEND WELLNESS
HOLDINGS, LLC

**PATIENT:** ▮▮▮▮▮▮▮▮▮▮▮▮▮

**CONTINUED**

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

\* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | | TOTAL PAYABLE TO PROVIDER | $249.70 | |

**NOTES**

**PI242** PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

**PI251** PAYER INITIATED REDUCTIONS - THE ATTACHMENT/OTHER DOCUMENTATION THAT WAS RECEIVED WAS INCOMPLETE OR DEFICIENT. THE NECESSARY INFORMATION IS STILL NEEDED TO PROCESS THE CLAIM.

**CL** THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM.

**HP** BENEFITS FOR THIS SERVICE ARE DENIED. THE INFORMATION YOU SUBMITTED DOES NOT CONTAIN SUFFICIENT DETAIL TO SUPPORT THE CHARGES BILLED. PLEASE REVIEW THE VENDOR LETTER FOR MORE DETAILS.

**N705** INCOMPLETE/INVALID DOCUMENTATION.

**N830** ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES).

3A-3192*02*000004-PM-24262-120*C04F/CTTOPS

STD - PRA

# PROVIDER
# REMITTANCE ADVICE

 UnitedHealthcare

| | |
|---|---|
| CHECK DATE: | 09/18/24 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮▮ |
| CHECK AMOUNT: | $0.00 |
| GROUP NUMBER: | ▮▮▮▮ |
| GROUP NAME: | ASCEND WELLNESS HOLDINGS, LLC |

**If you disagree with a claim reimbursement decision**
The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**
- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.

**UnitedHealthcare**

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 09/18/24
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ███████
CHECK AMOUNT: $0.00
GROUP NUMBER: ███████
GROUP NAME: ASCEND WELLNESS
HOLDINGS, LLC

- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.
- Each QPA was determined in compliance with the federal interim final rule methodology.
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
  - Login to www.uhcprovider.com
  - Identify the claim
  - Choose "Create Claim Reconsideration"
  - Select "OON Negotiation" from "Request Reason" drop down
  - Click "Submit Reconsideration"
  
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 188 of 263
PageID: 462

MID-L-002474-26  04/14/2026 11:36:09 AM  Pg 7 of 78  Trans ID: LCV20226941565

UnitedHealthCare Insurance Company of Illinois

GREENSBORO SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

3A-3192*03*000006-PM-24252-120*C04FICTTOPS

STD - PRA

# PROVIDER REMITTANCE ADVICE

UnitedHealthcare

CHECK DATE: 09/18/24
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▉▉▉▉▉▉▉
CHECK AMOUNT: $0.00

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

## OVERPAYMENT REDUCTION DETAIL

| MEMBER LAST NAME | PATIENT FIRST NAME | MEMBER ID# | PATIENT ACCT# | POLICY NUMBER | CLAIM/ CONTROL NUMBER | DATE(S) OF SERVICE | ORIGINAL OVERPAYMENT AMOUNT | PREVIOUSLY DEDUCTED | OVERPAYMENT DEDUCTED | OVERPAYMENT AMOUNT REMAINING |
|---|---|---|---|---|---|---|---|---|---|---|
| ▉▉▉▉▉▉▉ | | | | | EJ73115863 0083574392 | 01/18/24 - 01/18/24 | $509.93 | $0.00 | $249.70 | $260.23 |
| | | | | | | | TOTAL PAYMENT ADJUSTMENT | | $249.70 | |
| | | | | | | | TOTAL PAID TO THE PROVIDER | | $0.00 | |

REMARKS:

THE AMOUNT PAYABLE FOR THIS STATEMENT HAS BEEN USED TO REDUCE AN OVERPAYMENT MADE ON THE CLAIM(S) NOTED ABOVE. PLEASE ADJUST YOUR PATIENT ACCOUNT BALANCE BASED ON THIS INFORMATION.

IF YOU WOULD LIKE TO PURSUE AN APPEAL ON BEHALF OF THE PLAN MEMBER, PLEASE GO TO https://www.uhcprovider.com/content/dam/provider/docs/public/claims/Commercial-Courtesy-Review-Auth-Form.pdf FOR AN APPROVED FORM SUITABLE FOR YOUR USE AS THEIR DESIGNATED AUTHORIZED REPRESENTATIVE.

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

5A-2772*03'000005-PM-25016-101'C07ASOBOATOPS

WI - PRA

**UnitedHealthcare**

# PROVIDER
# REMITTANCE ADVICE

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

CHECK DATE: 01/16/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▮
CHECK AMOUNT: $1,217.01
GROUP NUMBER: ▮
GROUP NAME: EXACT SCIENCES
CORPORATION

**PATIENT:** ▮

| SUBSCRIBER ID: ▮ | SUBSCRIBER NAME: ▮ | CLAIM DATE: 11/19/24-11/19/24 | CLAIM NUMBER: EV60692383 0066913721 |
|---|---|---|---|
| PRODUCT: CHOYC+ | PATIENT ACCT NUM: 3686659819 | REND PROV ID: 1528005485 | REND PROV : F. VEGA-BERMU |
| DATE RECEIVED: 12/26/24 | DRG: | | |

| DATE(S) OF SVC | REV CODE | CPT/ HCPCS SUB/ ADJ | MOD | AMOUNT CHARGED | AMOUNT ALLOWED | DEDUCT | COPAY/ COINSUR | PROV ADJ DISCOUNT | NOT COV | UNITS SUB/ ADJ | REMARK/ NOTES | ANSI CODE | PAID TO PROVIDER | QPA AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/19/24 - 11/19/24 | | G0453 | XS | $35,202.00 | $1,022.40 | | | $34,179.60 | | 32 | E6, N830 | CO242, PI242 | $1,022.40 | $1,022.40 |
| 11/19/24 - 11/19/24 | | 95925 | 26 | $1,900.00 | $28.97 | | | $1,871.03 | | 1 | E6, N830 | CO242, PI242 | $28.97 | $28.97 |
| 11/19/24 - 11/19/24 | | 95928 | 26 | $1,800.00 | $81.23 | | | $1,718.77 | | 1 | E6, N830 | CO242, PI242 | $81.23 | $81.23 |
| 11/19/24 - 11/19/24 | | 95861 | 26 | $5,300.00 | $84.41 | | | $5,215.59 | | 1 | E6, N830 | CO242, PI242 | $84.41 | $84.41 |
| CLAIM# EV60692383 0066913721 SUBTOTAL | | | | $44,202.00 | $1,217.01 | | | $42,984.99 | | | HR | PR45 | $1,217.01 | |
| | | | | | | | CLAIM TOTAL PATIENT RESPONSIBILITY | | | | | $0.00 | | |

WI - PRA-881613283-54 00000000338913582

 UnitedHealthcare

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 01/16/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▮▮▮▮▮
CHECK AMOUNT: $1,217.01
GROUP NUMBER: ▮▮▮▮
GROUP NAME: EXACT SCIENCES
CORPORATION

**PATIENT:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CONTINUED

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | TOTAL PAYABLE TO PROVIDER | $1,217.01 |
|---|---|---|

NOTES

(CO242)   CONTRACTUAL OBLIGATIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

(PI242)   PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

(PR45)   PATIENT RESPONSIBILITY - CHARGE EXCEEDS FEE SCHEDULE/MAXIMUM ALLOWABLE OR CONTRACTED/LEGISLATED FEE ARRANGEMENT.

(E8)   THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM.

(HR)   WE HAVE RECEIVED ADDITIONAL INFORMATION AND HAVE REPROCESSED THIS CLAIM.

(N830)   ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES).

If you disagree with a claim reimbursement decision



## PROVIDER
## REMITTANCE ADVICE

| | |
|---|---|
| CHECK DATE: | 01/16/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮▮▮ |
| CHECK AMOUNT: | $1,217.01 |
| GROUP NUMBER: | ▮▮▮▮ |
| GROUP NAME: | EXACT SCIENCES CORPORATION |

The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**
- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.

MID-L-002474-26   04/14/2026 11:36:09 AM   Pg 10 of 78   Trans ID: LCV2026941565
Case 2:26-cv-05603-CCC-MAH   Document 1-2   Filed 05/15/26   Page 191 of 263 PageID: 465

# PROVIDER
# REMITTANCE ADVICE

UnitedHealthcare

| | |
|---|---|
| CHECK DATE: | 01/16/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮ |
| CHECK AMOUNT: | $1,217.01 |
| GROUP NUMBER: | ▮ |
| GROUP NAME: | EXACT SCIENCES CORPORATION |

- Each QPA was determined in compliance with the federal interim final rule methodology.
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    - o Login to www.uhcprovider.com
    - o Identify the claim
    - o Choose "Create Claim Reconsideration"
    - o Select "OON Negotiation" from "Request Reason" drop down
    - o Click "Submit Reconsideration"
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

United HealthCare Services, Inc
P O BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**

SP 01   037UTOPPE2009001-00078-01
NEUROMON PROFESSIONALS LLC
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

| | |
|---|---|
| CHECK DATE: | 02/06/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▇▇▇▇▇ |
| CHECK AMOUNT: | $1,296.18 |

## PROVIDER REMITTANCE ADVICE

## PROVIDER REMITTANCE AT A GLANCE

| | |
|---|---|
| AMOUNT OF TOTAL BENEFITS AVAILABLE | $1,296.18 |
| LESS AMOUNT PREVIOUSLY OWED | |
| TOTAL PAID | $1,296.18 |

**PLEASE SEE NEXT PAGE FOR MORE INFORMATION**
Page 1 of 10

STD - PRA-881613283-5400000000341569430

United HealthCare Services, Inc

P O BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

STD - PRA     ▌ UnitedHealthcare

**PROVIDER
REMITTANCE ADVICE**

NEUROMON PROFESSIONALS LLC
371 HOES LN STE 200
PISCATAWAY NJ 08854

CHECK DATE: 02/06/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▇▇▇▇▇▇▇
CHECK AMOUNT: $1,296 18

# THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK.

UnitedHealthcare Service LLC
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

STD - PRA

**❘** UnitedHealthcare

# PROVIDER
# REMITTANCE ADVICE

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

| | |
|---|---|
| CHECK DATE: | 02/06/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▉ |
| CHECK AMOUNT: | $1,296.18 |
| GROUP NUMBER: | 928252 |
| GROUP NAME: | STO BUILDING GROUP, INC. |

**PATIENT:** ▉

| | | | | |
|---|---|---|---|---|
| SUBSCRIBER ID: ▉ | SUBSCRIBER NAME: ▉ | CLAIM DATE: 11/04/24-11/04/24 | CLAIM NUMBER: EV72912664 0068716314 |
| REND PROV ID: 1528005485 | REND PROV: F. VEGA-BERMU | DATE RECEIVED: 12/30/24 | PRODUCT: CHOYC+ |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ▉ | | ▉ | | | $30,400.00 | | | | $47.22 | |

SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9551136031136 2436199 | 11/04/24 - 11/04/24 | | G0463 | XS | | 17 | 17 | $18,700.00 | | $18,700.00 | PI | 16 | $0.00 | $0.00 | OW M51 |
| 9551136031126 29 3 200 | 11/04/24 - 11/04/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.22 | $9,127.78 | PI | 242 | $47.22 | $47.22 | E8 N800 |
| 9551136031126 29 36201 | 11/04/24 - 11/04/24 | | 95886 | 26 | | 2 | 2 | $3,800.00 | | $3,800.00 | PI | 16 | $0.00 | $0.00 | OW M51 |
| 9551136031126 29 3 202 | 11/04/24 - 11/04/24 | | 95907 | 26 | | 1 | 1 | $725.00 | | $725.00 | PI | 16 | $0.00 | $0.00 | AU N50 |
| CLAIM# EV72912664 0068716314 | | | | | SUBTOTAL | | | $32,400.00 | $47.22 | $32,352.78 | | | $47.22 | | |

STD - PRA-881613283-5400000000341569430

# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

| | |
|---|---|
| CHECK DATE: | 02/06/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON |
| | PROFESSIONALS LLC |
| CHECK NUMBER: | ████ |
| CHECK AMOUNT: | $1,296.18 |
| GROUP NUMBER: | ████ |
| GROUP NAME: | STO BUILDING GROUP, INC. |

**PATIENT:** ███████████████████████

CONTINUED

We have received additional information for claim number EV72912664 0066220387 and have processed the services on the above claim.

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

NOTES

| | |
|---|---|
| PI16 | PAYER INITIATED REDUCTIONS - CLAIM/SERVICE LACKS INFORMATION OR HAS SUBMISSION/BILLING ERROR(S). |
| PI242 | PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS . |
| AU | BENEFITS FOR THIS SERVICE ARE DENIED. THE SUBMITTED CODE IS INCORRECT. THE PROVIDER MAY SUBMIT A CORRECTED CLAIM WITH THE APPROPRIATE CODE AND INDICATE IT IS A REPLACEMENT CLAIM OR CLEARLY MARK IT WITH THE WORD "CORRECTED." IF THE PROVIDER BELIEVES THE CODE SUBMITTED IS VALID FOR THE DATE OF SERVICE AND CORRECTLY IDENTIFIES THE SERVICE RENDERED, THEY MAY SUBMIT AN APPEAL WITH THE MEDICAL RECORD DOCUMENTATION AND THE RATIONALE FOR THE CODE AS BILLED. |
| E8 | THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM. |
| OW | CLAIM CANNOT BE PROCESSED AS BILLED. THIS CODE REQUIRES A PRECEDING PROCEDURE CODE. |

# UnitedHealthcare

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 02/06/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▇▇▇▇▇▇▇▇
CHECK AMOUNT: $1,296.18
GROUP NUMBER: ▇▇▇▇▇▇▇
GROUP NAME: STO BUILDING GROUP, INC.

NOTES

| | |
|---|---|
| M50 | MISSING/INCOMPLETE/INVALID REVENUE CODE(S). |
| M51 | MISSING/INCOMPLETE/INVALID PROCEDURE CODE(S). |
| N830 | ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES). |

**If you disagree with a claim reimbursement decision**
The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for review and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:

- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started

STD - PRA

**PROVIDER
REMITTANCE ADVICE**

**UnitedHealthcare**

| | |
|---|---|
| CHECK DATE: | 02/06/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | |
| CHECK AMOUNT: | $1,296.18 |
| GROUP NUMBER: | |
| GROUP NAME: | STO BUILDING GROUP, INC. |

Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
- **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866 UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**

044UTOPPE1003001-03154-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

| | |
|---|---|
| CHECK DATE: | 02/13/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | |
| CHECK AMOUNT: | $917.46 |
| GROUP NUMBER | |
| GROUP NAME: | RALPH LAUREN CORPORATION |

# PROVIDER REMITTANCE ADVICE

MID-L-002474-26  04/14/2026 11:36:09 AM  Pg 19 of 78  Trans ID: LCV2026941565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 200 of 263
PageID: 474

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

3A-3154*01*000002-PM-25044-101*C07ASOJPMCTOPS

STD - PRA

# PROVIDER
# REMITTANCE ADVICE

UnitedHealthcare

CHECK DATE: 02/13/25
TIN: N681613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ███
CHECK AMOUNT: $917.46
GROUP NUMBER ███
GROUP NAME: RALPH LAUREN
CORPORATION

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

PATIENT: ███████ )

| | | | | | | |
|---|---|---|---|---|---|---|
| SUBSCRIBER ID: ███ | SUBSCRIBER NAME: ███ | CLAIM DATE: | 10/04/24-10/04/24 | CLAIM NUMBER: | ET64381826 0005086696 | |
| REND PROV ID: 1528005485 | REND PROV: F. VEGA-BERMU | DATE RECEIVED: | 10/29/24 | PRODUCT: | CHOYC+ | |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ███ | | | | | $50,900.00 | | | | $917.46 | |

SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 951047207L12525 71362 | 10/04/24 - 10/04/24 | | G0453 | XS | | 20 | 20 | $22,000.00 | $639.00 | $21,361.00 | PI | 242 | $639.00 | $639.00 | E6, N630 |
| 951047207L12525 71363 | 10/04/24 - 10/04/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.22 | $9,127.78 | PI | 242 | $47.22 | $47.22 | E6, N630 |
| 951047207L12525 71364 | 10/04/24 - 10/04/24 | | 95939 | 26 | | 1 | 1 | $15,000.00 | $122.70 | $14,877.30 | PI | 242 | $122.70 | $122.70 | E6, N630 |
| 951047207L12525 71365 | 10/04/24 - 10/04/24 | | 95865 | 26 | | 2 | 2 | $3,800.00 | $38.68 | $3,761.32 | PI | 242 | $38.68 | $38.68 | E6, N630 |
| 951047207L12525 71366 | 10/04/24 - 10/04/24 | | 95908 | 26 | | 1 | 1 | $925.00 | $69.86 | $855.14 | PI | 242 | $69.86 | $69.86 | E6, N630 |
| CLAIM# ET64381626 0005086696 | | | | | | | SUBTOTAL | $50,900.00 | $917.46 | $49,982.54 | | | $917.46 | | IQ |

STD - PRA-881613283-54 00000000342502132

Page 2 of 6

# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

CHECK DATE: 02/13/25
TIN: N881613283
NR: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▮▮▮▮
CHECK AMOUNT: $917.46
GROUP NUMBER ▮▮▮
GROUP NAME: RALPH LAUREN
CORPORATION

MID-L-002474-26 04/14/2026 11:36:09 AM Pg 20 of 78 Trans ID: LCV2026941565
Case 2:26-cv-05603-CCC-MAH Document 1-2 Filed 05/15/26 Page 201 of 263
PageID: 475
044UTOPPE100300I-03154-02

**PATIENT:** ▮▮▮▮▮▮▮▮▮▮▮▮▮

CONTINUED

WE DENIED CLAIM NUMBER ET64381826 0005014272 RECEIVED ON 10/29/24 BECAUSE THE INFORMATION REQUESTED ON 12/20/24 HAS NOT BEEN RECEIVED.

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | TOTAL PAYABLE TO PROVIDER | $917.46 |
|---|---|---|

NOTES

| PI242 | PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS . |
|---|---|
| E8 | THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM. |
| IQ | THIS CLAIM HAS BEEN PROCESSED BASED ON THE MEMBER'S BENEFITS. |

**UnitedHealthcare**

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 02/13/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: █████████
CHECK AMOUNT: $917.46
GROUP NUMBER: ██████
GROUP NAME: RALPH LAUREN
CORPORATION

NOTES

N830     ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES).

**If you disagree with a claim reimbursement decision**
The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.



# PROVIDER
# REMITTANCE ADVICE

| | |
|---|---|
| CHECK DATE: | 02/13/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ███████ |
| CHECK AMOUNT: | $917.46 |
| GROUP NUMBER: | ███████ |
| GROUP NAME: | RALPH LAUREN CORPORATION |

- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

## * No Surprises Act Disclosures

- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.
- Each QPA was determined in compliance with the federal interim final rule methodology.
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
  - Login to www.uhcprovider.com
  - Identify the claim
  - Choose "Create Claim Reconsideration"
  - Select "OON Negotiation" from "Request Reason" drop down
  - Click "Submit Reconsideration"
  
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.

STD - PRA

## PROVIDER
## REMITTANCE ADVICE

UnitedHealthcare®

```
CHECK DATE: 02/13/25
        TIN: N881613283
        NPI: 1679218622
PAYEE NAME: NEUROMON
            PROFESSIONALS LLC
CHECK NUMBER
CHECK AMOUNT: $917.46
GROUP NUMBER:
 GROUP NAME: RALPH LAUREN
            CORPORATION
```

• If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

MID-L-002474-26  04/14/2026 11:36:09 AM  Pg 23 of 78  Trans ID: LCV2026941565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 204 of 263
PageID: 478



United HealthCare Services Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**



NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
571 HOES LN STE 200
PISCATAWAY NJ 08854-4149

| | |
|---|---|
| PAYMENT DATE: 08/22/24 | |
| TIN: N881613285 | |
| NPI: 1670210622 | |
| PAYER NAME: NEUROMON | |
| | PROFESSIONALS LLC |
| PAYMENT NUMBER: ████████ | |
| PAYMENT AMOUNT: $206.97 | |

## Virtual Card Payment – Payment number: ████████

**4 easy steps to process the payment**

**STEP 1**
Enter the 16-digit number



**STEP 2**
Enter the exact payment amount



**STEP 3**
Enter the CVC and expiration date



**STEP 4**
If requested enter the address and/or ZIP code displayed in the card image





This virtual card payment (VCP) has been issued to your organization instead of a paper check. This card is not transferable and can only be redeemed by the recipient. Process the full amount on your credit card point-of-sale terminal as a **credit transaction; it cannot be redeemed as a debit card**. Partial payments or refunds/credits back to the payer via this card cannot be processed. Do not use for online purchases as the transaction will be declined.

**You can review details on the claim(s) included in this payment by accessing your provider remittance advice (PRA) in the UnitedHealthcare Provider Portal:**

- Go to UHCprovider.com > Sign In (top-right corner) > Enter your One Healthcare ID
- Select Documents & Reporting > **Document Library** > Payment Documents
- Search files by 'Check ID' and use the **Payment Number** displayed in the top-right corner of this statement

**Document Library Questions?**

Call us at 866-842-3278, option 1, 7 a.m. - 9 p.m. CT, Monday-Friday.

**Payment processing issues?** Contact Payment Card Services at **866-323-3681** and supply the transaction ID found in the card image.

To enroll in direct deposit, instead of receiving VCP's, go to optum.com/enroll.

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

STD - PRA    **UnitedHealthcare**

# PROVIDER CLAIM PAYMENT

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

PAYMENT DATE: 08/22/24
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON PROFESSIONALS LLC
PAYMENT NUMBER: ▮▮▮▮▮▮
PAYMENT AMOUNT: $206.97

## Notice

Accepting, processing, using or permitting another person to process or use this virtual card or its card number (collectively 'Processing' or "Processed') signifies: (i) your consent to receive payment by virtual card ('Card'); (ii) that distribution of this card constitutes payment for purpose of compliance with applicable law; (iii) your consent to accept the net transaction amount resulting from the Processing of this Card as full payment for all amount owed by the payer for the designated claim(s); (iv) your consent to obtain claim details on the provider remittance advice (PRA) associated with this payment on the UnitedHealthcare Provider Portal.

You further acknowledge and agree that by Processing this Card, you are subject to the terms and conditions governing card processing between you and your card service processor and that you are responsible for any changes and related third-party fees, including interchange, merchant discount or other card processing fees that may be imposed as a result of Processing this card payment through a card processor. Consult your merchant processor or financial institution for specific fees. This Card must be processed for the full amount. Should you need assistance in processing more than one transaction in order to receive the full amount of this Card, please contact Card Services at **866-323-3681**.

You may elect to receive future payment through direct deposit, available at no cost. To enroll in direct deposit, go to UHCprovider.com/payment and click on the Sign Up with Optum Pay link on that page. You will be taken to the Optum Pay website where you will be guided through the enrollment flow for direct deposit. If you are an Arizona, Colorado, Georgia, New Jersey, Utah or Vermont provider or an out-of-network provider in Arizona, Colorado, Florida, Georgia, New Jersey, New Mexico, New York, Oregon, Utah or Vermont, you may enroll for direct deposit or contact Card Services at **866-323-3681** to arrange an alternative payment method.

Optum Health Financial Services, a United-affiliated company, provides payment services to the healthcare industry and offers various claim payment options. United-affiliated companies may receive transaction fees or other compensation related to some payment options.



United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

```
CHECK DATE: 08/22/24
        TIN: N881613283
        NPI: 1679218622
PAYEE NAME: NEUROMON
            PROFESSIONALS LLC
CHECK NUMBER:  ████████
CHECK AMOUNT: $206.97
GROUP NUMBER:  ██████
GROUP NAME: T-MOBILE
```

## PROVIDER REMITTANCE ADVICE

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

5A-4562*01*000002-PM-24235-120*C07ASOJPMCTOPS

STD - PRA

# PROVIDER
# REMITTANCE ADVICE

UnitedHealthcare

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

| | |
|---|---|
| CHECK DATE: | 08/22/24 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | |
| CHECK AMOUNT: | $206.97 |
| GROUP NUMBER: | |
| GROUP NAME: | T-MOBILE |

**PATIENT:**

| | | | | |
|---|---|---|---|---|
| SUBSCRIBER ID: | | SUBSCRIBER NAME: | CLAIM DATE: | 03/26/24-03/26/24 | CLAIM NUMBER: | EQ27429533 0032309129 |
| REND PROV ID: | 1528005485 | REND PROV: | F. VEGA-BERMU | DATE RECEIVED: | 08/21/24 | PRODUCT: | CHOYC |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | $15,600.00 | | | | $206.97 | |

### SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 932546122L12056 29866 | 03/26/24 - 03/26/24 | | G0453 | XS | | 5 | 5 | $5,500.00 | $159.75 | $5,340.25 | PI | 242 | $159.75 | $159.75 | E8, N830 |
| 932546122L12056 29867 | 03/26/24 - 03/26/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.22 | $9,127.78 | PI | 242 | $47.22 | $47.22 | E8, N830 |
| 932546122L12056 29868 | 03/26/24 - 03/26/24 | | 95908 | 26 | | 1 | 1 | $925.00 | | $925.00 | PI | 16 | $0.00 | $0.00 | AU, M50 |
| CLAIM# EQ27429533 0032309129 | | | | | | | SUBTOTAL | $15,600.00 | $206.97 | $15,393.03 | | | $206.97 | | HR |

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | | |
|---|---|---|
| | TOTAL PAYABLE TO PROVIDER | $206.97 |



## PROVIDER
## REMITTANCE ADVICE

UnitedHealthcare

| | |
|---|---|
| CHECK DATE: | 08/22/24 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮ |
| CHECK AMOUNT: | $208.97 |
| GROUP NUMBER: | ▮ |
| GROUP NAME: | T-MOBILE |

**NOTES**

**PI16** PAYER INITIATED REDUCTIONS - CLAIM/SERVICE LACKS INFORMATION OR HAS SUBMISSION/BILLING ERROR(S).

**PI242** PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

**AU** BENEFITS FOR THIS SERVICE ARE DENIED. THE SUBMITTED CODE IS INCORRECT. THE PROVIDER MAY SUBMIT A CORRECTED CLAIM WITH THE APPROPRIATE CODE AND INDICATE IT IS A REPLACEMENT CLAIM OR CLEARLY MARK IT WITH THE WORD "CORRECTED." IF THE PROVIDER BELIEVES THE CODE SUBMITTED IS VALID FOR THE DATE OF SERVICE AND CORRECTLY IDENTIFIES THE SERVICE RENDERED, THEY MAY SUBMIT AN APPEAL WITH THE MEDICAL RECORD DOCUMENTATION AND THE RATIONALE FOR THE CODE AS BILLED.

**E8** THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM.

**HR** WE HAVE RECEIVED ADDITIONAL INFORMATION AND HAVE REPROCESSED THIS CLAIM.

**M50** MISSING/INCOMPLETE/INVALID REVENUE CODE(S).

**N830** ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES).

**If you disagree with a claim reimbursement decision**
The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

# PROVIDER
# REMITTANCE ADVICE

UnitedHealthcare

```
CHECK DATE: 08/22/24
        TIN: N881613283
        NPI: 1679218622
PAYEE NAME: NEUROMON
            PROFESSIONALS LLC
CHECK NUMBER: [redacted]
CHECK AMOUNT: $206.97
GROUP NUMBER: [redacted]
GROUP NAME: T-MOBILE
```

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:

- · Go to UHCprovider.com
- · Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- · Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - · **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- · For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**

- · The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- · We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.
- · Each QPA was determined in compliance with the federal interim final rule methodology.
- · If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.

# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

| CHECK DATE: | 08/22/24 |
|---|---|
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON |
| | PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮▮ |
| CHECK AMOUNT: | $206.97 |
| GROUP NUMBER: | ▮▮▮▮▮ |
| GROUP NAME: | T-MOBILE |

- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    - Login to www.uhcprovider.com
    - Identify the claim
    - Choose "Create Claim Reconsideration"
    - Select "OON Negotiation" from "Request Reason" drop down
    - Click "Submit Reconsideration"
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

THIS PAGE LEFT BLANK INTENTIONALLY

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE. 1-877-841-3210

 UnitedHealthcare



010UTOPPV1020001-00028-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

PAYMENT DATE. 01/30/26
TIN: N88161325  3
NPI. 1679218022
PAYEE NAME. NEUROMON
PROFESSIONALS LLC
PAYMENT NUMBER ████████
PAYMENT AMOUNT. $829.43

## Virtual Card Payment – Payment number: █████████



### 4 easy steps to process the payment

**STEP 1**

Enter the
16-digit number

**STEP 2**

Enter the
**exact payment
amount**

**STEP 3**

Enter the CVC
and expiration
date

**STEP 4**

If requested,
enter the
address and/or
ZIP code
displayed in the
card image.

This virtual card payment (VCP) has been issued to your organization instead of a paper check. This card is not transferable and can only be redeemed by the recipient. Process the full amount on your credit card point-of-sale terminal as a **credit transaction; it cannot be redeemed as a debit card.** Partial payments or refunds/credits back to the payer via this card cannot be processed. Do not use for online purchases as the transaction will be declined.

**You can review details on the claim(s) included in this payment by accessing your provider remittance advice (PRA) in the UnitedHealthcare Provider Portal:**

- Go to UHCprovider.com > Sign In (top-right corner) > Enter your One Healthcare ID
- Select Documents & Reporting > **Document Library** > Payment Documents
- Search files by "Check ID" and use the **Payment Number** displayed in the top-right corner of this statement

### Document Library Questions?

Call us at: 866-842-3278, option 1. 7 a.m. – 9 p.m. CT, Monday-Friday

**Payment processing issues?** Contact Payment Card Services at **866-323-3681** and supply the transaction ID found in the card image.

To enroll in direct deposit, instead of receiving VCP's, go to optum.com/enroll.

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

STD - PRA     ⓤ UnitedHealthcare

## PROVIDER CLAIM PAYMENT

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

| | |
|---|---|
| PAYMENT DATE: | 01/30/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| PAYMENT NUMBER: | ▇▇▇▇ |
| PAYMENT AMOUNT: | $829.43 |

## Notice

Accepting, processing, using or permitting another person to process or use this virtual card or its card number (collectively 'Processing' or "Processed') signifies: (i) your consent to receive payment by virtual card ('Card'); (ii) that distribution of this card constitutes payment for purpose of compliance with applicable law; (iii) your consent to accept the net transaction amount resulting from the Processing of this Card as full payment for all amount owed by the payer for the designated claim(s); (iv) your consent to obtain claim details on the provider remittance advice (PRA) associated with this payment on the UnitedHealthcare Provider Portal.

You further acknowledge and agree that by Processing this Card, you are subject to the terms and conditions governing card processing between you and your card service processor and that you are responsible for any charges and related third-party fees, including interchange, merchant discount or other card processing fees that may be imposed as a result of Processing this card payment through a card processor. Consult your merchant processor or financial institution for specific fees. This Card must be processed for the full amount. Should you need assistance in processing more than one transaction in order to receive the full amount of this Card, please contact Card Services at **866-323-3681**.

You may elect to receive future payment through direct deposit, available at no cost. To enroll in direct deposit, go to UHCprovider.com/payment and click on the Sign Up with Optum Pay link on that page. You will be taken to the Optum Pay website where you will be guided through the enrollment flow for direct deposit. If you are an Arizona, Colorado, Georgia, New Jersey, Pennsylvania, Utah or Vermont provider or an out-of-network provider in Arizona, Colorado, Florida, Georgia, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Utah or Vermont, you may enroll for direct deposit or contact Card Services at **866-323-3681** to arrange an alternative payment method.

Optum Health Financial Services, a United-affiliated company, provides payment services to the healthcare industry and offers various claim payment options. United-affiliated companies may receive transaction fees or other compensation related to some payment options.

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210





030UTOPPR1023001-02735-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

```
CHECK DATE: 01/30/25
        TIN: N881613283
        NPI: 1679218622
PAYEE NAME: NEUROMON
            PROFESSIONALS LLC
CHECK NUMBER: ██████████
CHECK AMOUNT: $829.43
GROUP NUMBER: ████████
  GROUP NAME: FEDEX CORPORATION
```

## — PROVIDER REMITTANCE ADVICE

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

| | |
|---|---|
| CHECK DATE: | 01/30/25 |
| TIN: | N881613283 |
| NPI: | 1579218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮ |
| CHECK AMOUNT: | $829.43 |
| GROUP NUMBER: | ▮ |
| GROUP NAME: | FEDEX CORPORATION |

**PATIENT:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

| | | | | |
|---|---|---|---|---|
| SUBSCRIBER ID: ▮▮▮▮ | SUBSCRIBER NAME: ▮▮▮▮ | CLAIM DATE: 11/26/24-11/26/24 | CLAIM NUMBER: | EV82040726 0078008497 |
| REND PROV ID: 1528005485 | REND PROV: F, VEGA-BERMU | DATE RECEIVED: 01/03/25 | PRODUCT: | CHOYC |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ▮ | | | | | $49,275.00 | | | i | $829.43 | |

SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 958253021L12707 92934 | 11/26/24 - 11/26/24 | | G0453 | XS | | 18 | 18 | $19,800.00 | $575.10 | $19,224.90 | PI | 242 | $575.10 | $575.10 | E8, N830 |
| 958253021L12707 92935 | 11/26/24 - 11/26/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.22 | $9,127.78 | PI | 242 | $47.22 | $47.22 | E8, N830 |
| 958253021L12707 92936 | 11/26/24 - 11/26/24 | | 95939 | 26 | | 1 | 1 | $15,000.00 | $122.70 | $14,877.30 | PI | 242 | $122.70 | $122.70 | E8, N830 |
| 958253021L12707 92937 | 11/26/24 - 11/26/24 | | 95861 | 26 | | 1 | 1 | $5,300.00 | $84.41 | $5,215.59 | PI | 242 | $84.41 | $84.41 | E8, N830 |
| CLAIM# EV82040726 0078008497 | | | | | | | SUBTOTAL | $49,275.00 | $829.43 | $48,445.57 | | | $829.43 | | |

## PROVIDER
## REMITTANCE ADVICE

UnitedHealthcare·

| | |
|---|---|
| CHECK DATE: | 01/30/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ██████████ |
| CHECK AMOUNT: | $829.43 |
| GROUP NUMBER: | ██████ |
| GROUP NAME: | FEDEX CORPORATION |

**PATIENT:** ███████████████████████

**CONTINUED**

We have received additional information for claim number EV82040726 0077773034 and have processed the services on the above claim.

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | | |
|---|---|---|
| | TOTAL PAYABLE TO PROVIDER | $829.43 |

## NOTES

| | |
|---|---|
| PI242 | PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS . |
| E8 | THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM. |
| N830 | ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES). |

If you disagree with a claim reimbursement decision



# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

| CHECK DATE: 01/30/25 |
|---|
| TIN: N881613283 |
| NPI: 1679218622 |
| PAYEE NAME: NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: [redacted] |
| CHECK AMOUNT: $829.43 |
| GROUP NUMBER: [redacted] |
| GROUP NAME: FEDEX CORPORATION |

The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**

## PROVIDER
## REMITTANCE ADVICE



CHECK DATE: 01/30/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: V
CHECK AMOUNT: $829.43
GROUP NUMBER:
GROUP NAME: FEDEX CORPORATION

- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.
- Each QPA was determined in compliance with the federal interim final rule methodology.
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    - Login to www.uhcprovider.com
    - Identify the claim
    - Choose "Create Claim Reconsideration"
    - Select "OON Negotiation" from "Request Reason" drop down
    - Click "Submit Reconsideration"
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

MID-L-002474-26  04/14/2026 11:36:09 AM  Pg 38 of 78  Trans ID: LCV20269415565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 219 of 263
030UTOPPR1023001-02735-03  PageID: 493

THIS PAGE LEFT BLANK INTENTIONALLY

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE 1-877-842-3210

**UnitedHealthcare**

009UTOPPR1013001-03799-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

| | |
|---|---|
| CHECK DATE: | 01/09/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮ |
| CHECK AMOUNT: | $265.77 |
| GROUP NUMBER: | ▮▮▮▮ |
| GROUP NAME: | WIPRO LTD |

# PROVIDER REMITTANCE ADVICE

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
PO BOX 30555
SALT LAKE CITY UT 84130-0555
PHONE: 1-877-842-3210

3A-456110700\002  M-25009-110'C07ASO.IFMCTOPS

STD - PPA

## PROVIDER
## REMITTANCE ADVICE

**UnitedHealthcare**

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

```
CHECK DATE: 01/09/25
         TIN: N881613283
         NPI: 1679218622
  PAYEE NAME: NEUROMON
              PROFESSIONALS LLC
CHECK NUMBER: ████████
CHECK AMOUNT: $265.77
GROUP NUMBER: ████████
  GROUP NAME: WIPRO LTD
```

**PATIENT:** ████████████████████

| SUBSCRIBER ID: ████████ | SUBSCRIBER NAME: ████████ | CLAIM DATE: 07/15/24-07/16/24 | CLAIM NUMBER: ER01818537-0076046559 |
|---|---|---|---|
| REND PROV ID: 1528005485 | REND PROV: F VEGA-BERMU | DATE RECEIVED: 09/12/24 | PRODUCT: CHOYC+ |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ████████ | | | | | $42,975.00 | | | | $265.77 | |

### SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 94525341L L12378 21241 | 07/16/24 07/16/24 | | G0453 | XS | | 3 | 3 | $13,500.00 | $95.85 | $13,404.15 | PI | 242 | $95.85 | $95.85 | CI N830 |
| 94525341L L12378 21242 | 07/16/24 - 07/16/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.02 | $9,127.98 | PI | 242 | $47.02 | $47.02 | CI N830 |
| 94525341L L12378 21243 | 07/16/24 - 07/16/24 | | 95939 | 26 | | 1 | 1 | $15,000.00 | $122.70 | $14,877.30 | PI | 242 | $122.70 | $122.70 | CI N830 |
| 94525341L L12378 21244 | 07/16/24 - 07/16/24 | | 95861 | 26 | | * | * | $5,300.00 | | $5,300.00 | PI | 251 | $0.00 | $0.00 | HR N705 |
| CLAIM# ER01818537-0076046559 | | | | | | SUBTOTAL | | $42,975.00 | $265.77 | $42,709.29 | | | $265.77 | | HR |

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

**UnitedHealthcare**

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 01/09/25
TIN: N881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
          PROFESSIONALS LLC
CHECK NUMBER: ▓▓▓▓▓▓
CHECK AMOUNT: $265.77
GROUP NUMBER: ▓▓▓
GROUP NAME: WIPRO LTD

| | TOTAL PAYABLE TO PROVIDER | $265.77 |
|---|---|---|

**NOTES**

| | |
|---|---|
| PI242 | PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS . |
| PI251 | PAYER INITIATED REDUCTIONS - THE ATTACHMENT/OTHER DOCUMENTATION THAT WAS RECEIVED WAS INCOMPLETE OR DEFICIENT. THE NECESSARY INFORMATION IS STILL NEEDED TO PROCESS THE CLAIM. |
| CI | THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM. |
| HP | BENEFITS FOR THIS SERVICE ARE DENIED. THE INFORMATION YOU SUBMITTED DOES NOT CONTAIN SUFFICIENT DETAIL TO SUPPORT THE CHARGES BILLED. PLEASE REVIEW THE VENDOR LETTER FOR MORE DETAILS. |
| HR | WE HAVE RECEIVED ADDITIONAL INFORMATION AND HAVE REPROCESSED THIS CLAIM. |
| N705 | INCOMPLETE/INVALID DOCUMENTATION. |
| N830 | ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES). |

**If you disagree with a claim reimbursement decision**

The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

# UnitedHealthcare

## PROVIDER
## REMITTANCE ADVICE

```
CHECK DATE: 01/09/25
             TIN: N881613283
             NPI: 1679216622
     PAYEE NAME: NEUROMON
                 PROFESSIONALS LLC
   CHECK NUMBER: ███████████
   CHECK AMOUNT: $265.77
   GROUP NUMBER  ████████
     GROUP NAME: WIPRO LTD
```

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**
- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.
- Each QPA was determined in compliance with the federal interim final rule methodology
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.

MA-4591103^009005-PM-25009-120TC07ASO)PRA-TCPS

STD - PRA

**PROVIDER
REMITTANCE ADVICE**

UnitedHealthcare

| | |
|---|---|
| CHECK DATE: | 01/09/25 |
| TIN: | N881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON |
| | PROFESSIONALS LLC |
| CHECK NUMBER: | ███████ |
| CHECK AMOUNT: | S265.77 |
| GROUP NUMBER: | ███████ |
| GROUP NAME: | WIPRO LTD |

- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    - o Login to www.uhcprovider.com
    - o Identify the claim
    - o Choose "Create Claim Reconsideration"
    - o Select "OON Negotiation" from "Request Reason" drop down
    - o Click "Submit Reconsideration"
    - If you follow the steps above your negotiation request is complete
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

MID-L-002474-26 04/14/2026 11:36:09 AM Pg 44 of 78 Trans ID: LCV20262941565
Case 2:26-cv-03563-CCC-MAH Document 1-2 Filed 05/15/26 Page 225 of 263
PageID: 499

THIS PAGE LEFT BLANK INTENTIONALLY

UnitedHealthcare Service LLC
BUFFALO SERVICE CENTER
PO BOX 740809
ATLANTA GA 30374-0809
PHONE: 1-877-842-3210



074UTOPPR1016001-13112-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143



| | |
|---|---|
| DATE: | 03/14/24 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| TRACE NUMBER: | ███████ |
| PAYMENT: | $0.00 |
| GROUP NUMBER | ███████ |
| GROUP NAME: | COLUMBIA UNIVERSITY |

# PROVIDER REMITTANCE ADVICE

Go Paperless! UHCprovider.com/paperless

# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

DATE: 03/14/24
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
TRACE NUMBER: ▮▮▮▮▮
PAYMENT: $0.00
GROUP NUMBER: ▮▮▮▮▮
GROUP NAME: COLUMBIA UNIVERSITY

The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:

- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
    - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**

- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.

# PROVIDER REMITTANCE ADVICE

**UnitedHealthcare**

MID-L-002474-26  04/14/2026  11:36:09 AM  Pg 48 of 78  Trans ID: LCV20269415565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 229 of 263
074UTOPPR1016001-1312-03  PageID: 503

| | |
|---|---|
| DATE: | 03/14/24 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| TRACE NUMBER: | ▮▮▮▮▮ |
| PAYMENT: | $0.00 |
| GROUP NUMBER: | ▮▮▮▮▮ |
| GROUP NAME: | COLUMBIA UNIVERSITY |

- Each QPA was determined in compliance with the federal interim final rule methodology.
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    - Login to www.uhcprovider.com
    - Identify the claim
    - Choose "Create Claim Reconsideration"
    - Select "OON Negotiation" from "Request Reason" drop down
    - Click "Submit Reconsideration"
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com.  If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy of the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com.  Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

THIS PAGE LEFT BLANK INTENTIONALLY

UnitedHealthcare Service LLC
BUFFALO SERVICE CENTER
PO BOX 740809
ATLANTA GA 30374-0809
PHONE: 1-877-842-3210



**UnitedHealthcare**

074UTOPPR1016001-13112-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

| | |
|---|---|
| DATE: | 03/14/24 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| TRACE NUMBER: | ████████ |
| PAYMENT: | $0.00 |
| GROUP NUMBER | ████████ |
| GROUP NAME: | COLUMBIA UNIVERSITY |

# PROVIDER REMITTANCE ADVICE

Go Paperless! UHCprovider.com/paperless

STD - PRA-881613283-5400000000297401904

UnitedHealthcare Service LLC
BUFFALO SERVICE CENTER
PO BOX 740809
ATLANTA GA 30374-0809
PHONE: 1-877-842-3210

STD - PRA

**PROVIDER
REMITTANCE ADVICE**

UnitedHealthcare

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

DATE: 03/14/24
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
TRACE NUMBER: ████████
PAYMENT: $0.00
GROUP NUMBER: ████████
GROUP NAME: COLUMBIA UNIVERSITY

**PATIENT:** ████████████████████

| | | |
|---|---|---|
| SUBSCRIBER ID: ████████ | SUBSCRIBER NAME: ████████ | CLAIM DATE: 09/13/23-09/13/23 | CLAIM NUMBER: EJ14829376 0072360738 |
| REND PROV ID: 1528005485 | REND PROV: F. VEGA-BERMU | DATE RECEIVED: 02/22/24 | PRODUCT: CHOYC+ |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ████████ | | | | | $39,374.00 | | | | $0.00 | $5,218.94 |

**SERVICE LINE DETAIL(S)**

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 910832017L11738 70736 | 09/13/23 - 09/13/23 | | G0453 | XS | | 9 | 9 | $9,900.00 | $272.70 | $9,627.30 | PI | 242 | $272.70 | $272.70 | E8, N830 |
| 910832017L11738 70739 | 09/13/23 - 09/13/23 | | 95861 | 26 | | 1 | 1 | $5,299.00 | $80.06 | $5,218.94 | PR | 119 | $80.06 | $80.06 | E8, N830 |
| | | | | | | | | | | -$5,218.94 | OA | 94 | | | |
| | | | | | | | | | | $5,218.94 | PI | 242 | | | |
| 910832017L11738 70737 | 09/13/23 - 09/13/23 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $44.79 | $9,130.21 | PI | 242 | $44.79 | $44.79 | E8, N830 |
| 910832017L11738 70738 | 09/13/23 - 09/13/23 | | 95939 | 26 | | 1 | 1 | $15,000.00 | $116.38 | $14,883.62 | PI | 242 | $116.38 | $116.38 | E8, N830 |
| | 09/13/23 - 09/13/23 | | G0453 | | | -1 | | $0.00 | | | | | -$513.93 | $0.00 | L5 |
| CLAIM# EJ14829376 0072360738 | | | | | | | SUBTOTAL | $39,374.00 | $513.93 | $38,860.07 | | | $0.00 | | |

STD - PRA-881613283-5400000000297401904

Page 2 of 6



# PROVIDER
# REMITTANCE ADVICE

| | |
|---|---|
| DATE: | 03/14/24 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| TRACE NUMBER | |
| PAYMENT: | $0.00 |
| GROUP NUMBER: | |
| GROUP NAME: | COLUMBIA UNIVERSITY |

**PATIENT**

**CONTINUED**

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

\* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | | |
|---|---|---|
| | TOTAL PAYABLE TO PROVIDER | $0.00 |

**NOTES**

**OA94** OTHER ADJUSTMENTS - PROCESSED IN EXCESS OF CHARGES.

**PI242** PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

**PR119** PATIENT RESPONSIBILITY - BENEFIT MAXIMUM FOR THIS TIME PERIOD OR OCCURRENCE HAS BEEN REACHED.

**E8** THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM.

**L5** THIS CLAIM FOR ADDITIONAL CHARGES OR CORRECTED BILLING HAS BEEN CONSIDERED AND NO ADDITIONAL PAYMENT IS DUE.

**N830** ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES).

If you disagree with a claim reimbursement decision



# PROVIDER
# REMITTANCE ADVICE

 UnitedHealthcare

| | |
|---|---|
| DATE: | 03/14/24 |
| TIN: | 881613283 |
| NPI: | 1679218822 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| TRACE NUMBER: | ▮▮▮▮▮ |
| PAYMENT: | $▮▮▮▮ |
| GROUP NUMBER: | ▮▮▮▮▮ |
| GROUP NAME: | COLUMBIA UNIVERSITY |

The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for reviews and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**
- The qualifying payment amount ("QPA\*") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

STD - PRA    UnitedHealthcare

# PROVIDER
# REMITTANCE ADVICE

NEUROMON PROFESSIONALS LLC LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

| | |
|---|---|
| DATE: | 02/23/23 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC LLC |
| TRACE NUMBER: | |
| PAYMENT: | $0.00 |
| GROUP NUMBER: | |
| GROUP NAME: | APOLLO MANAGEMENT HOLDINGS, L |

## PATIENT:

| | | |
|---|---|---|
| SUBSCRIBER ID: | SUBSCRIBER NAME: | CLAIM NUMBER: DT87888314 0008355730 |
| CLAIM DATE: 07/26/22-07/26/22 | DATE RECEIVED: 02/20/23 | PRODUCT: CHOYC+ |
| REND PROV ID: 1528005485 | REND PROV: F. VEGA-BERMU | |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | $16,175.00 | | | | $0.00 | $9,230.09 |

### SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 853776180L 104886410 8 | 07/26/22 - 07/26/22 | | G0453 | XS | | 1 | 1 | $1,700.00 | $55.09 | $1,644.91 | PI | 242 | $0.00 | IS |
| | | | | | | | | | | $55.09 | PR | 1 | | |
| 853776180L 104886410 9 | 07/26/22 - 07/26/22 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $89.27 | $89.27 | PR | 1 | $0.00 | IS |
| | | | | | | | | | | $9,085.73 | PR | 119 | | |
| | | | | | | | | | | $9,085.73 | PI | 242 | | |
| | | | | | | | | | | -$9,085.73 | OA | 94 | | |
| 853776180L 104886411 0 | 07/26/22 - 07/26/22 | | 95861 | 26 | | 1 | 1 | $5,300.00 | | $5,300.00 | PI | 251 | $0.00 | HP, N705 |
| CLAIM# DT87888314 0008355730 | | | | | | SUBTOTAL | | $16,175.00 | $144.36 | $16,175.00 | | | $0.00 | |

PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

| TOTAL PAYABLE TO PROVIDER | $0.00 |
|---|---|

## NOTES

| | |
|---|---|
| OA94 | OTHER ADJUSTMENTS - PROCESSED IN EXCESS OF CHARGES. |
| PI242 | PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS . |
| PI251 | PAYER INITIATED REDUCTIONS - THE ATTACHMENT/OTHER DOCUMENTATION THAT WAS RECEIVED WAS INCOMPLETE OR DEFICIENT. THE NECESSARY INFORMATION IS STILL NEEDED TO PROCESS THE CLAIM. |
| PR1 | PATIENT RESPONSIBILITY - DEDUCTIBLE AMOUNT |
| PR119 | PATIENT RESPONSIBILITY - BENEFIT MAXIMUM FOR THIS TIME PERIOD OR OCCURRENCE HAS BEEN REACHED. |
| HP | THE INFORMATION SUBMITTED DOES NOT CONTAIN SUFFICIENT DETAIL TO SUPPORT ALL RELATED CHARGES BILLED. |

United HealthCare Services, Inc.
CHICO SERVICE CENTER
P.O. BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**

107UTOPPE1011001-01546-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

```
CHECK DATE: 04/17/25
        TIN: 881613283
        NPI: 1679218622
PAYEE NAME: NEUROMON
            PROFESSIONALS LLC
CHECK NUMBER: ███████
CHECK AMOUNT: $0.00
GROUP NUMBER: ██████
  GROUP NAME: WALGREEN CO.
```

## PROVIDER REMITTANCE ADVICE

## PROVIDER REMITTANCE AT A GLANCE

| AMOUNT OF TOTAL BENEFITS AVAILABLE | $489.42 |
|---|---|
| LESS AMOUNT PREVIOUSLY OWED | $489.42 |
| TOTAL PAID | $0.00 |

United HealthCare Services, Inc.
CHICO SERVICE CENTER
P.O. BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

1A-1546*01*000002-PM-25107-101*C07ASOJPMCTOPS

STD - PRA

# PROVIDER
# REMITTANCE ADVICE

UnitedHealthcare

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

CHECK DATE: 04/17/25
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ███████
CHECK AMOUNT: $0.00
GROUP NUMBER: ███████
GROUP NAME: WALGREEN CO.

## PATIENT: ███████████████████

| | | | |
|---|---|---|---|
| SUBSCRIBER ID: ██████████ | SUBSCRIBER NAME: ████████████ | CLAIM DATE: 10/29/24-10/29/24 | CLAIM NUMBER: EU75911114 0059180651 |
| REND PROV ID: 1928005485 | REND PROV: F. VEGA-BERMU | DATE RECEIVED: 11/30/24 | PRODUCT: Nex R |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ██████ | | | | | $39,900.00 | | | | $489.42 | |

### SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 955118641L12629 36574 | 10/29/24 - 10/29/24 | | G0453 | XS | | 10 | 10 | $11,000.00 | $319.50 | $10,680.50 | PI | 242 | $319.50 | $319.50 | E8, N859 |
| 955118641L12629 36575 | 10/29/24 - 10/29/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.22 | $9,127.78 | PI | 242 | $47.22 | $47.22 | E8, N859 |
| 955118641L12629 36576 | 10/29/24 - 10/29/24 | | 95939 | 26 | | 1 | 1 | $15,000.00 | $122.70 | $14,877.30 | PI | 242 | $122.70 | $122.70 | E8, N859 |
| 955118641L12629 36577 | 10/29/24 - 10/29/24 | | 95885 | 26 | | 2 | 2 | $3,800.00 | | $3,800.00 | PI | 16 | $0.00 | $0.00 | OW, M51 |
| 955118641L12629 36578 | 10/29/24 - 10/29/24 | | 95908 | 26 | | 1 | 1 | $925.00 | | $925.00 | PI | 251 | $0.00 | $0.00 | HP, N705 |
| CLAIM# EU75911114 0059180651 | | | | | | | SUBTOTAL | $39,900.00 | $489.42 | $39,410.58 | | | $489.42 | | |



# PROVIDER
# REMITTANCE ADVICE



CHECK DATE: 04/17/25
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER █████████
CHECK AMOUNT: $0.00
GROUP NUMBER ████████
GROUP NAME: WALGREEN CO.

MID-L-002474-26  04/14/2026  11:36:09 AM  Pg 57 of 78  Trans ID: LCV20262941565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 238 of 263
PageID: 512

**PATIENT:** ███████████████████████████

CONTINUED

\* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No
Surprises Act Disclosures.

| | TOTAL PAYABLE TO PROVIDER | $169.42 |
|---|---|---|

NOTES

PI16   PAYER INITIATED REDUCTIONS - CLAIM/SERVICE LACKS INFORMATION OR HAS SUBMISSION/BILLING ERROR(S).

PI242   PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

PI251   PAYER INITIATED REDUCTIONS - THE ATTACHMENT/OTHER DOCUMENTATION THAT WAS RECEIVED WAS INCOMPLETE OR DEFICIENT. THE
NECESSARY INFORMATION IS STILL NEEDED TO PROCESS THE CLAIM.

E8   THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE
PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY
CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE
PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM.

HP   BENEFITS FOR THIS SERVICE ARE DENIED. THE INFORMATION YOU SUBMITTED DOES NOT CONTAIN SUFFICIENT DETAIL TO SUPPORT THE
CHARGES BILLED. PLEASE REVIEW THE VENDOR LETTER FOR MORE DETAILS.

OW   CLAIM CANNOT BE PROCESSED AS BILLED. THIS CODE REQUIRES A PRECEDING PROCEDURE CODE.

M51   MISSING/INCOMPLETE/INVALID PROCEDURE CODE(S).

N705   INCOMPLETE/INVALID DOCUMENTATION.



# PROVIDER
# REMITTANCE ADVICE

```
CHECK DATE: 04/17/25
          TIN: 881613283
          NPI: 1679218622
  PAYEE NAME: NEUROMON
              PROFESSIONALS LLC
CHECK NUMBER: ███████████
CHECK AMOUNT: $0.00
GROUP NUMBER: ████████
  GROUP NAME: WALGREEN CO.
```

## NOTES

N859    ALERT: THE FEDERAL NO SURPRISE BILLING ACT WAS APPLIED TO THE PROCESSING OF THIS CLAIM. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL DOCUMENTED APPEAL/ GRIEVANCE/ DISPUTE RESOLUTION PROCESS(ES).

**If you disagree with a claim reimbursement decision**
The member, health care professional or an authorized representative may contest the claim payment decision by submitting comments, documents or other information that shows why they believe the decision should be changed.

**Network health care professionals:** There is a 2-step reconsideration and appeal process. This process allows for a total of 12 months for timely submission for Step 1: Reconsideration and Step 2: Appeal. Claim reconsideration does not apply in some states based on applicable state law. The timetable may be different if required by law or by your participation agreement (contract). For more information and submission instructions, refer to Chapter 10 (Our claim process) of the Network Administrative Guide available at **UHCprovider.com/guides**. To appeal a clinical or prior authorization determination, follow the instructions in Chapter 7 (Medical management) of the guide.

**Out-of-network health care professionals:** As an out-of-network health care professional or facility, you can submit a request for an administrative review/reconsideration if permitted by state law. If you don't agree with the outcome of the review, you may submit an appeal on the member's behalf. You are required to provide written authorization from the member in order to appeal. Requests for review and appeals must be submitted through the UnitedHealthcare Provider Portal within the time frame discussed in the member's benefit plan.

**All health care professionals:** To initiate additional review of the claim, as outlined above, please follow these steps:
- Go to UHCprovider.com
- Sign in to the portal using your One Healthcare ID and password. If you don't have a One Healthcare ID, visit UHCprovider.com/access to get started.
- Go to Claims & Payments > Look up a Claim and enter the claim information, then click Act on a Claim
  - **Out-of-network health care professionals:** For appeal requests, you must include the member's signed authorization.
- For assistance, go to UHCprovider.com/contact-us

MID-L-002474-26 04/14/2026 11:36:09 AM Pg 58 of 78 Trans ID: LCV20269941565
Case 2:26-cv-05603-CCC-MAH Document 1-2 Filed 05/15/26 Page 239 of 263 PageID: 513

**UnitedHealthcare**

# PROVIDER
# REMITTANCE ADVICE

```
CHECK DATE: 04/17/25
        TIN: 881613283
        NPI: 1679218622
PAYEE NAME: NEUROMON
            PROFESSIONALS LLC
CHECK NUMBER: ███████
CHECK AMOUNT: $0.00
GROUP NUMBER: ███████
GROUP NAME: WALGREEN CO.
```

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278), option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

**\* No Surprises Act Disclosures**

- The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
- We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount.
- Each QPA was determined in compliance with the federal interim final rule methodology.
- If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
- We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    - Login to www.uhcprovider.com
    - Identify the claim
    - Choose "Create Claim Reconsideration"
    - Select "OON Negotiation" from "Request Reason" drop down
    - Click "Submit Reconsideration"
  If you follow the steps above your negotiation request is complete.
- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal, you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.

MID-L-002474-26  04/14/2026  11:36:09 AM  Pg 59 of 78  Trans ID: LCV20269941565
Case 2:26-cv-05603-CCC-MAH  Document 1-2  Filed 05/15/26  Page 240 of 263 PageID: 514

United HealthCare Services, Inc.

CHICO SERVICE CENTER
P.O. BOX 740800
ATLANTA GA 30374-0800
PHONE: 1-877-842-3210

1A-1546'03'000006-PM-25107-101'C07ASOJPMCTOPS

STD - PRA

# PROVIDER
# REMITTANCE ADVICE

**UnitedHealthcare**

| | |
|---|---|
| CHECK DATE: | 04/17/25 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON |
| | PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮ |
| CHECK AMOUNT: | $0.00 |

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

## OVERPAYMENT REDUCTION DETAIL

| MEMBER LAST NAME | PATIENT FIRST NAME | MEMBER ID# | PATIENT ACCT# | POLICY NUMBER | CLAIM/ CONTROL NUMBER | DATE(S) OF SERVICE | ORIGINAL OVERPAYMENT AMOUNT | PREVIOUSLY DEDUCTED | OVERPAYMENT DEDUCTED | OVERPAYMENT AMOUNT REMAINING |
|---|---|---|---|---|---|---|---|---|---|---|
| ▮ | ▮ | ▮ | ▮ | ▮ | EN19400901 0316071267 | 04/02/24 - 04/02/24 | $729.09 | $157.79 | $489.42 | $81.88 |
| | | | | | | | | TOTAL PAYMENT ADJUSTMENT | $489.42 | |
| | | | | | | | | TOTAL PAID TO THE PROVIDER | $0.00 | |

REMARKS:
THE AMOUNT PAYABLE FOR THIS STATEMENT HAS BEEN USED TO REDUCE AN OVERPAYMENT MADE ON THE CLAIM(S) NOTED ABOVE. PLEASE ADJUST YOUR PATIENT ACCOUNT BALANCE BASED ON THIS INFORMATION.

IF YOU WOULD LIKE TO PURSUE AN APPEAL ON BEHALF OF THE PLAN MEMBER, PLEASE GO TO https://www.uhcprovider.com/content/dam/provider/docs/public/claims/Commercial-Courtesy-Review-Auth-Form.pdf FOR AN APPROVED FORM SUITABLE FOR YOUR USE AS THEIR DESIGNATED AUTHORIZED REPRESENTATIVE.

UnitedHealthcare Service LLC
THE EMPIRE PLAN
P.O. BOX 1600
KINGSTON NY 12402-1600
PHONE: 1-877-769-7447

**NEW YORK STATE | Department of Civil Service**
The Empire Plan

009UTOPPE1015001-03969-01
NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854-4143

| | |
|---|---|
| CHECK DATE: | 01/09/25 |
| TIN: | 881613283 |
| NPI: | 1679218622 |
| PAYEE NAME: | NEUROMON PROFESSIONALS LLC |
| CHECK NUMBER: | ▮▮▮▮▮ |
| CHECK AMOUNT: | $669.68 |
| GROUP NUMBER: | ▮▮▮▮▮ |
| GROUP NAME: | STATE OF NEW YORK |

# PROVIDER REMITTANCE ADVICE

The check was mailed.

STD - PRA-881613283-5400000000338017791

UnitedHealthcare Service LLC
THE EMPIRE PLAN
P.O. BOX 1600
KINGSTON NY 12402-1600
PHONE: 1-877-769-7447

5A-3-1'9'01'000002-FM-25009-101'C01020500A'50UHCTOR-

STD - PRA

**PROVIDER
REMITTANCE ADVICE**

**NEW YORK STATE | Department of Civil Service** The Empire Plan

NEUROMON PROFESSIONALS LLC
FRANCISCO VEGA-BERMUDEZ MD
371 HOES LN STE 200
PISCATAWAY NJ 08854

CHECK DATE: 01/09/25
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ■■■
CHECK AMOUNT: $659.68
GROUP NUMBER: ■■■
GROUP NAME: STATE OF NEW YORK

**PATIENT:** ■■■■■■■■■■

| SUBSCRIBER ID: ■■■ | SUBSCRIBER NAME: ■■■ | CLAIM DATE: 11/26/24-11/26/24 | CLAIM NUMBER: EV84159700 0580032957 |
|---|---|---|---|
| REND PROV ID: 1528005485 | REND PROV: F. VEGA-BERMU | DATE RECEIVED: 01/03/25 | PRODUCT: OPT.PPO |

| PATIENT CONTROL NUMBER | PATIENT ID | AUTH/REF NUMBER | DRG | DRG WEIGHT | CLAIM CHARGE AMOUNT | CLM ADJ AMT | GRP CD | CLM ADJ RSN CD | CLAIM PAYMENT AMOUNT | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|---|---|---|---|---|
| ■■■ | | | | | $43,275.00 | | | | $659.68 | |

SERVICE LINE DETAIL(S)

| LINE CTRL# | DATES OF SERVICE | SUB PROD/ SVC/ MOD | ADJ PROD/ SVC | MOD | REV | UNITS | SUB UNITS | CHARGE | AMOUNT ALLOWED | ADJ AMOUNT | GRP CD | CLM ADJ RSN CD | PAYMENT AMOUNT | QPA AMOUNT | REMARK/ NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 958253024L1270 92940 | 11/26/24 - 11/26/24 | | G0453 | XS | | 13 | 13 | $14,300.00 | $415.35 | $13,884.65 | PI | 242 | $415.35 | $415.35 | CL N830 |
| 958253024L1270 92947 | 11/26/24 - 11/26/24 | | 95938 | 26 | | 1 | 1 | $9,175.00 | $47.22 | $9,127.78 | PI | 242 | $47.22 | $47.22 | CL N830 |
| 958253024L1270 92948 | 11/26/24 - 11/26/24 | | 95938 | 26 | | 1 | 1 | $15,000.00 | $122.70 | $14,877.30 | PI | 242 | $122.70 | $122.70 | CL N830 |
| 958253024L1270 92949 | 11/26/24 - 11/26/24 | | 95861 | 26 | | 1 | 1 | $5,300.00 | $74.41 | $5,215.59 | PI | 242 | $74.41 | $74.41 | CL N830 |
| CLAIM# EV84159700 0580032957 | | | | | | | SUBTOTAL | $43,275.00 | $659.68 | $43,105.32 | | | $659.68 | | |

* This claim has been identified as a federal surprise bill. Additional information is at the end of this statement under No Surprises Act Disclosures.

| | TOTAL PAYABLE TO PROVIDER | $659.68 | |

NEW YORK STATE | Department of Civil Service
The Empire Plan

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 01/09/25
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER: ▇▇▇▇▇
CHECK AMOUNT: $689.68
GROUP NUMBER ▇▇▇▇▇
GROUP NAME: STATE OF NEW YORK

**NOTES**

**PI242** PAYER INITIATED REDUCTIONS - SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS .

**CL** THIS CLAIM HAS BEEN PROCESSED BASED ON THE NO SURPRISES ACT USING THE MEMBER'S NETWORK BENEFITS. YOU CANNOT BILL THE PATIENT MORE THAN THE AMOUNT OF DEDUCTIBLE, COPAY AND COINSURANCE. IF YOU DISAGREE WITH THE REIMBURSEMENT, YOU MAY CHOOSE TO ENTER INTO NEGOTIATION BY CONTACTING US AT 877-842-3210 OR BY SUBMITTING YOUR NEGOTIATION REQUEST TO OUR ONLINE PROVIDER PORTAL HTTPS://WWW.UHCPROVIDER.COM/ OR BY EMAIL TO UHG_IDR_DISPUTES@UHC.COM.

**N830** ALERT: THE CHARGE[S] FOR THIS SERVICE WAS PROCESSED IN ACCORDANCE WITH FEDERAL/ STATE, BALANCE BILLING/ NO SURPRISE BILLING REGULATIONS. AS SUCH, ANY AMOUNT IDENTIFIED WITH OA, CO, OR PI CANNOT BE COLLECTED FROM THE MEMBER AND MAY BE CONSIDERED PROVIDER LIABILITY OR BE BILLABLE TO A SUBSEQUENT PAYER. ANY AMOUNT THE PROVIDER COLLECTED OVER THE IDENTIFIED PR AMOUNT MUST BE REFUNDED TO THE PATIENT WITHIN APPLICABLE FEDERAL/STATE TIMEFRAMES. PAYMENT AMOUNTS ARE ELIGIBLE FOR DISPUTE PURSUANT TO ANY FEDERAL/STATE DOCUMENTED APPEAL/GRIEVANCE PROCESS(ES).

UnitedHealthcare is improving service to you by adopting electronic payments & statements (EPS) as a standard way to pay claims. EPS will dramatically reduce the time and effort your organization spends on administering paper checks and explanation of benefits. Get a head start and enroll today by selecting the electronic payments & statements link found on the home page www.UHCprovider.com or contact us at 1-866-UHC-FAST (1-866-842-3278) option 5. For more information about our free or low cost solutions for submitting claims electronically to UnitedHealthcare and other payers, please contact us toll free at 1-800-842-1109, option 3.

* **No Surprises Act Disclosures**
  * The qualifying payment amount ("QPA") for each billed item or service is listed on your Provider Remittance Advice.
  * We certify that the QPA applies for purposes of the recognized amount, or in the case of air ambulance services, for calculating the covered person's cost-sharing amount
  * Each QPA was determined in compliance with the federal interim final rule methodology.
  * If you wish to initiate a 30-day open negotiation period to determine the amount of total payment, you may contact us to initiate open negotiation, and if still not resolved, you generally may initiate the independent dispute resolution process within 4 days after the end of the negotiation period.
  * We have developed a streamlined process for initiating negotiations through our provider portal, which ensures HIPAA compliance, eliminates the need to input claims data, and reduces potential follow-up communications/outreach needed to identify any missing or needed information to properly identify and thus successfully negotiate the claims.
    o Login to www.uhcprovider.com

MID-L-002474-26  04/14/2026 11:36:09 AM  Pg 63 of 78  Trans ID: LCV2026941565
Case 2:26-cv-03563-CCC-MAH  Document 1-2  Filed 05/15/26  Page 244 of 263
PageID: 518

**NEW YORK STATE** | **Department of Civil Service**
The Empire Plan

# PROVIDER
# REMITTANCE ADVICE

CHECK DATE: 01/09/25
TIN: 881613283
NPI: 1679218622
PAYEE NAME: NEUROMON
PROFESSIONALS LLC
CHECK NUMBER
CHECK AMOUNT: $669.68
GROUP NUMBER
GROUP NAME: STATE OF NEW YORK

     o  Identify the claim
     o  Choose "Create Claim Reconsideration"
     o  Select "OON Negotiation" from "Request Reason" drop down
     o  Click "Submit Reconsideration"
    If you follow the steps above your negotiation request is complete.

- You may also submit a negotiation request by sending a completed Open Negotiation Notice form and the Supplemental Open Negotiation Request Form, available at uhcprovider.com, to: UHG_IDR_Disputes@uhc.com. If you submit a negotiation request through the portal you will not need to complete either form.
- Please Note: Once the Open Negotiation period is exhausted you may have the right to file for Independent Dispute Resolution (IDR) through the CMS portal. Please forward a copy the completed Notice of IDR Initiation form that you submitted to the CMS portal to us at UHG_IDR_Disputes@uhc.com. Please also use this email when populating the CMS IDR form.
- If you have questions about the above or would like the QPA disclosures specific to this claim, please contact our provider services center at 877-842-3210.



## Optum

Payment Integrity Department
Attn: Pre-Payment Review
P.O. Box 105067
Atlanta, GA 30348-5128



Letter Reference #: ▮▮▮▮▮

March 27, 2025

 

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Re: Claim Denial and Next Steps**

Dear ▮▮▮▮▮▮▮▮▮▮▮▮

We're following up on the Provider Remittance Advice (PRA) you received for the claim noted below, to provide additional information about the benefits determination for the claim.

We conducted a pre-payment review on behalf of UnitedHealthcare. (More information about Optum's relationship with UnitedHealthcare is at the end of this letter.) After reviewing the claim details, we recommended that benefits for the claim should be fully or partially denied, as outlined below.

**Claim Information**

Member Name: ▮▮▮▮▮▮▮▮▮
Policy #:
Group Name:   DAYFORCE US, INC.
DOS:          01/06/2025 to 01/06/2025
File #:       ▮▮▮▮▮▮



**Decision Details**

UnitedHealthcare pays for required services and supplies provided for the purpose of preventing, diagnosing or treating a sickness, injury, disease or symptoms. During the review, Optum examined the services billed and the patient's medical records to determine whether benefits are payable according to UnitedHealthcare's reimbursement policies and the terms, conditions and exclusions of the patient's health plan.

Here are more details about why we denied the service(s):

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/06/2025 to 01/06/2025 | G0453 | XS | G0453 | $15400 | HR | Charges were reconsidered and claim was processed per member benefits as a result of the additional information provided. |

**Claim/Coding Logic**

Supported.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|

PCA-2-20-03576-Optum-LTR_11102020
© 2020 United HealthCare Services, Inc. All Rights Reserved.

# Optum



| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/06/2025 to 01/06/2025 | 95938 | 26 | SHORT-LATENCY SOMATOSENS EP STD UPR & LOW LIMB | $9175 | HR | Charges were reconsidered and claim was processed per member benefits as a result of the additional information provided. |

**Claim/Coding Logic**

Supported.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/06/2025 to 01/06/2025 | 95885 | 26 | NEEDLE EMG EA EXTREMITY W/PARASPINL AREA LIMITED | $3800 | OW | Claim cannot be processed as billed. This code requires a preceding procedure code. |

**Claim/Coding Logic**

Not supported. This Current Procedural Terminology (CPT) is an add-on type code that requires a primary code. Since the primary code isn't supported, this code can't be separately reimbursed. In addition, CPT code 95885 represents needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited. The medical records indicate that needle electromyography without nerve conduction study was performed. There is a more appropriate CPT code that should be used to bill for the service provided. Therefore, the billed code, modifier and units cannot verified.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/06/2025 to 01/06/2025 | 95908 | 26 | NERVE CONDUCTION STUDIES 3-4 STUDIES | $925 | HP | The information submitted does not contain sufficient detail to support all related charges billed. |

**Claim/Coding Logic**

Not supported. The medical records submitted include intraoperative neuromonitoring report . However, the records did not include interpretation/report of nerve conduction study of 3-4 nerves. Of note, it would be inappropriate to report nerve conduction study for pedicle screw placement/Triggered EMG. Therefore, we cannot verify the validity and accuracy of the billed service.

**Member Responsibility**

If you participate in the UnitedHealthcare network, please note that the member is only responsible for their deductible, coinsurance, copayments and items not covered by the health plan. You may not bill the member for any charges above the patient's responsibility.

If you are an out-of-network provider, please note that state regulations may prohibit you from billing the member for more than their deductible, coinsurance, and copayments.

**If You Disagree with This Decision**

You have several options if you don't agree with our decision about this claim:

1. **You may submit a new claim with corrections:** The correction(s) submitted should represent a complete replacement of the previous claim. Please use the correct frequency code or bill type to

b76 - 2/3  1412



indicate it is a replacement claim or clearly mark it with the word "corrected." You'll receive a new PRA after we process the claim.

2. **If you participate in the UnitedHealthcare network:** You may request a reconsideration of the claim. If you've already requested a reconsideration review, you can now submit an appeal. With either a reconsideration or appeal request, you'll need to submit your PRA or denial letter, a copy of this letter and any other documents that can help us better understand this claim and why you believe it should be eligible for benefits.

   • **To submit a reconsideration:** Go to **UHCprovider.com** and click the "Sign In" button in the top right corner. Then, click "Claims" to complete a reconsideration form, submit your request and provide supporting documents.

   • **To submit an appeal:** Go to **UHCprovider.com** and click the "Sign In" button in the top right corner. Then, click "Claims" to submit your appeal and provide supporting documents.

3. **If you are an out-of-network provider:** You can submit an appeal of the claim. Instructions on how to file an appeal are on your PRA.

**Questions? We're here to help.**
If you have questions about this claim denial, please call Optum at 866-230-5783 between 8 a.m. and 4:30 p.m. Central Time, Monday through Friday. You can review UnitedHealthcare's reimbursement and medical policies, check member eligibility and benefits, manage claims, request prior authorization and more at **UHCprovider.com**. Simply click on the "Sign In" button in the top right corner.

Sincerely,

Optum Payment Integrity Team
On behalf of UnitedHealthcare

**Protecting Patient Privacy**
Optum is an affiliate of UnitedHealthcare that provides administrative services support to health care companies. Optum conducts payment integrity reviews on behalf of UnitedHealthcare to help ensure claims are processed correctly as a key avenue to reducing health care costs. The relationship between Optum and UnitedHealthcare includes a Business Associate Agreement compliant with Health Insurance Portability and Accountability Act (HIPAA) privacy regulations. This means that as a business associate, Optum can request medical records for the purpose of payment activities without additional patient authorization. Any records may be reviewed by UnitedHealthcare or their contracted business associates the purposes allowed under HIPAA.





**Optum**

Payment Integrity Department
Attn: Pre-Payment Review
P.O. Box 105067
Atlanta, GA 30348-5128


United Healthcare

Letter Reference #: ██████████

March 27, 2025



██████████████████████

|ıdı|ᵗˡᵗ|ᵗᵈ|ᵗᵗᵗᵗᵗᵃ|ᵗˡᵗᵈᵗᵘᵗᵗˡˡᵈᵘᵗᵗˡᵗᵗˡᵗᵗˡᵈᵘᵗᵗᵗˡᵗᵗˡᵗᵗᵗ|ᵗᵗˡᵘᵗˡˡᵗ|ᵗˡᵗˡ|

**Re: Claim Denial and Next Steps**

Dear ██████████████████████

We're following up on the Provider Remittance Advice (PRA) you received for the claim noted below, to provide additional information about the benefits determination for the claim.

We conducted a pre-payment review on behalf of UnitedHealthcare. (More information about Optum's relationship with UnitedHealthcare is at the end of this letter.) After reviewing the claim details, we recommended that benefits for the claim should be fully or partially denied, as outlined below.

**Claim Information**
Member Name: ██████████████████
Policy #:
Group Name: LVMH MOET HENNESSY LOUIS VUITT
DOS: 01/07/2025 to 01/07/2025
File #: ██████████████

**Decision Details**

UnitedHealthcare pays for required services and supplies provided for the purpose of preventing, diagnosing or treating a sickness, injury, disease or symptoms. During the review, Optum examined the services billed and the patient's medical records to determine whether benefits are payable according to UnitedHealthcare's reimbursement policies and the terms, conditions and exclusions of the patient's health plan.

Here are more details about why we denied the service(s):

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|------|----------|-----|-----------------|--------------|-------------|--------|
| 01/07/2025 to 01/07/2025 | G0453 | XS | G0453 | $16500 | OW | Claim cannot be processed as billed. This code requires a preceding procedure code. |

**Claim/Coding Logic**

Not supported. This Current Procedural Terminology (CPT) is an add-on type code that requires a primary code. Since the primary code isn't supported, this code can't be separately reimbursed. Therefore, the billed code, modifier and units can't be verified.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|------|----------|-----|-----------------|--------------|-------------|--------|

PCA-2-20-03576-Optum-LTR_11102020
© 2020 United HealthCare Services, Inc. All Rights Reserved.

**Optum**

**United Healthcare**

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/07/2025 to 01/07/2025 | 95938 | 26 | SHORT-LATENCY SOMATOSENS EP STD UPR & LOW LIMB | $9175 | HR | Charges were reconsidered and claim was processed per member benefits as a result of the additional information provided. |

**Claim/Coding Logic**

Supported.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/07/2025 to 01/07/2025 | 95929 | 26 | CTR MOTOR EP STD TRANSCRNL MOTOR STIMJ LWR LIMBS | $1800 | HR | Charges were reconsidered and claim was processed per member benefits as a result of the additional information provided. |

**Claim/Coding Logic**

Supported.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/07/2025 to 01/07/2025 | 95885 | 26 | NEEDLE EMG EA EXTREMITY W/PARASPINL AREA LIMITED | $3800 | OW | Claim cannot be processed as billed. This code requires a preceding procedure code. |

**Claim/Coding Logic**

Not supported. This Current Procedural Terminology (CPT) is an add-on type code that requires a primary code. Since the primary code isn't supported, this code can't be separately reimbursed. In addition, CPT code 95885 represents needle electromyography, each extremity, with related paraspinal areas, when performed, done with nerve conduction, amplitude and latency/velocity study; limited. The medical records indicate that needle electromyography without nerve conduction study was performed. There is a more appropriate CPT code that should be used to bill for the service provided. Therefore, the billed code, modifier and units can't verified.

| Date | CPT Code | Mod | CPT Description | Claim Amount | Denial Code | Reason |
|---|---|---|---|---|---|---|
| 01/07/2025 to 01/07/2025 | 95909 | 26 | NERVE CONDUCTION STUDIES 5-6 STUDIES | $1125 | AU | The CPT, HCPCS, or Revenue code billed is incorrect. Please submit a corrected claim with the appropriate code. If you believe the code you submitted is valid for the DOS and correctly identifies the service rendered, you may submit an appeal with the medical record documentation and the |

**Optum**

United
Healthcare

rationale for the code as
billed.

### Claim/Coding Logic

Not supported. Current Procedural Terminology (CPT) code 95909 represents nerve conduction studies; 5-6 studies. The medical records don't support nerve conduction studies were performed. There's a more appropriate CPT code that should be used when performing monitoring during pedicle screw placement. Therefore, the billed code and modifier cannot be verified.

**Member Responsibility**
If you participate in the UnitedHealthcare network, please note that the member is only responsible for their deductible, coinsurance, copayments and items not covered by the health plan. You may not bill the member for any charges above the patient's responsibility.

If you are an out-of-network provider, please note that state regulations may prohibit you from billing the member for more than their deductible, coinsurance, and copayments.

**If You Disagree with This Decision**
You have several options if you don't agree with our decision about this claim:

1. **You may submit a new claim with corrections:** The correction(s) submitted should represent a complete replacement of the previous claim. Please use the correct frequency code or bill type to indicate it is a replacement claim or clearly mark it with the word "corrected." You'll receive a new PRA after we process the claim.

2. **If you participate in the UnitedHealthcare network:** You may request a reconsideration of the claim. If you've already requested a reconsideration review, you can now submit an appeal. With either a reconsideration or appeal request, you'll need to submit your PRA or denial letter, a copy of this letter and any other documents that can help us better understand this claim and why you believe it should be eligible for benefits.

   - **To submit a reconsideration:** Go to **UHCprovider.com** and click the "Sign In" button in the top right corner. Then, click "Claims" to complete a reconsideration form, submit your request and provide supporting documents.

   - **To submit an appeal:** Go to **UHCprovider.com** and click the "Sign In" button in the top right corner. Then, click "Claims" to submit your appeal and provide supporting documents.

3. **If you are an out-of-network provider:** You can submit an appeal of the claim. Instructions on how to file an appeal are on your PRA.

**Questions? We're here to help.**
If you have questions about this claim denial, please call Optum at 866-230-5783 between 8 a.m. and 4:30 p.m. Central Time, Monday through Friday. You can review UnitedHealthcare's reimbursement and medical policies, check member eligibility and benefits, manage claims, request prior authorization and more at **UHCprovider.com**. Simply click on the "Sign In" button in the top right corner.

Sincerely,

Optum Payment Integrity Team
On behalf of UnitedHealthcare

**Protecting Patient Privacy**
Optum is an affiliate of UnitedHealthcare that provides administrative services support to health care companies. Optum conducts payment integrity reviews on behalf of UnitedHealthcare to help ensure claims are

**Optum**



processed correctly as a key avenue to reducing health care costs. The relationship between Optum and UnitedHealthcare includes a Business Associate Agreement compliant with Health Insurance Portability and Accountability Act (HIPAA) privacy regulations. This means that as a business associate, Optum can request medical records for the purpose of payment activities without additional patient authorization. Any records may be reviewed by UnitedHealthcare or their contracted business associates the purposes allowed under HIPAA.



Get regular information by e-mail on program and product changes.
Sign up today for the UnitedHealthcare Network Bulletin at UnitedHealthcareOnline-emailnews.com.

1244-4/4; 3452

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002474-26**

**Case Caption:** NEUROMON PROFESSIONA LS, LLC  VS UNITED HEALTHCAR

**Case Initiation Date:** 04/14/2026

**Attorney Name:** DANIEL MAX PALGON

**Firm Name:** GOTTLIEB AND GREENSPAN LLC

**Address:** 17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410

**Phone:** 2016440894

**Name of Party:** PLAINTIFF : NEUROMON PROFESSIONALS, LLC

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: NEUROMON PROFESSIONALS, LLC? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/14/2026                                                                        /s/ DANIEL MAX PALGON
Dated                                                                                    Signed

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION:

MIDDLESEX COUNTY

**Plaintiff**
NEUROMON PROFESSIONALS, LLC

vs

**Defendant**
UNITED HEALTHCARE INSURANCE COMPANY

DOCKET NO.  MID-L-002474-26

Person to be served: UNITED HEALTHCARE INSURANCE
COMPANY

C/O CT CORPORATION SYSTEM, REGISTERED AGENT
Address:
820 BEAR TAVERN ROAD
WEST TRENTON NJ 08628

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Attorney:**

GOTTLIEB & GREENSPAN
17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410

Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT WITH EXHIBITS

Service Data:

Served Successfully ✓   Not Served _____   Date: 4-15-26   Time: 9:33 am   Attempts: _____

_____  Delivered a copy to him/her personally

_____  Left a copy with a competent household member over 14 years of age residing therein at place of abode.

✓  Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

Dosiree Mims

~~PERSON IN CHARGE AT THE OFFICE OF THE REGISTERED AGENT OF THE CORPORATION~~

Description of Person Accepting Service:
Age: 46  Height: 5'6  Weight: 150  Hair: Black  Sex: Female  Race: Black

Non-Served:

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____  Date _____  Time _____
_____  Date _____  Time _____
_____  Date _____  Time _____
( ) Other: _____  Comments or Remarks _____

Subscribed and Sworn to me this
16 _____ day of April 2026 _____

I, AZIZA AMER _____, was at time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Patricia Knapp

Aziza Amer   04/16/2026 12:10 PM EDT

**Notary Signature**

PATRICIA E KNAPP
Notary Public, State of New Jersey
Comm. # 2447530
My Commission Expires 06/25/2029

Signature of Process Server   Date

Online Notary Public. Notarization facilitated by SIGNIX®

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700  Fax (973) 403-9222

Work Order No.  838815

File No.  MID-L-002474-26

## SUMMONS

Attorney(s) __Daniel Palgon, Esq.__

Office Address __17-17 Route 208, Suite 250__

Town, State, Zip Code __Fair Lawn, NJ 07410__

Telephone Number __201-644-0890__

Attorney(s) for Plaintiff __NEUROMON PROFESSIONALS, LLC__

**Superior Court of**

**New Jersey**

MIDDLESEX County

Civil Division

Docket No: __MID-L-2474-26__

---

NEUROMON PROFESSIONALS, LLC,

Plaintiff(s)

vs.

UNITED HEALTHCARE INSURANCE COMPANY,

---

Defendant(s)

**CIVIL ACTION**

**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED: __4/14/2026__

Name of Defendant to Be Served: __UNITED HEALTHCARE INSURANCE COMPANY__
c/o CT Corporation System, Registered Agent

Address of Defendant to Be Served __820 Bear Tavern Road__
West Trenton, NJ 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)